PETER W. VAN BRUNT, Appellant, *v.* STEPHEN W. VAN BRUNT, Impleaded, etc., Respondent.

M. died leaving eight children, seven of whom were married and had children. By her will she gave the whole of her residuary estate to her executors, in trust, to pay over the rents, income and profits to her children equally during their natural lives, and after their decease to their respective wives or husbands during their lives or until they should remarry. The will then provided : " If any of my children should die without issue, or without leaving a husband or wife him or her surviving, then I give, devise and bequeath his or her share to the survivor or survivors of them. * * * If he or she leaves a husband, him or her surviving, then I give, devise and bequeath his or her share to the survivor or survivors of my said children * * * after the decease or remarriage of said husband or wife." The executors were authorized to sell any of the residuary estate and invest the proceeds. In an action for partition, *held*, that the trust was valid and there was no unlawful suspension of the power of alienation; that the words husband and wife, as used in the will, referred to those living at the death of the testatrix, and so the limitation as to each part of the devisable trust ran for two lives in being at its creation.

*It seems* that the power of sale conferred upon the executors did not effect an undue suspension of the power of alienation.

*Schettler* v. *Smith* (41 N. Y. 328) distinguished.

The residuary clause also provided that, in case any of the testator's children should die leaving issue, " said issue shall represent their parents *per stirpes* and not *per capita*, and receive their parent's share " of the rents and profits after the death or remarriage of their surviving parent until they became of age, when their interest shall be given to them. *Held*, that upon the death of any child, and of the husband or wife of that child who was living at the death of the testatrix, the portion or share of such child vested at once in his or her children, each one of whom taking his or her proportion in fee, subject only to a postponement of possession during his or her minority, and to the execution of the trust upon the rents and profits during that period; and there was, therefore, no unlawful suspension of the power of alienation; that the fact that the issue of each child were to take *per stirpes* does not make them joint tenants as the statute fixes

how they shall take as between themselves (1 R. S. 727, § 44), and makes them tenants in common, in the absence of an express provision for a joint tenancy.

(Submitted October 2, 1888; decided November 27, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made April 11, 1888, which affirmed a judgment in favor of defendants entered upon an order sustaining a demurrer to the complaint.

This was an action for the partition of lands in the city of New York, formerly owned by Margaret Van Brunt, deceased, and disposed of under the residuary clause in her will.

All the children of the testatrix, with their husbands and wives, were made parties to the action. The plaintiff, as son and heir-at-law of the testatrix, assails the validity of the residuary clause pursuant to section 1537 of the Code of Civil Procedure, as working an undue suspension of the power of alienation, and so claims that the residuary real estate was not disposed of by the will. The executors, with the other children of the testatrix, demurred to the complaint. The residuary clause of the will in question is as follows, viz. :

" All the rest and residue of my personal property and all my real estate of which I may die seized, I give, devise and bequeath to my executors, hereinafter named, in trust, to collect the rents, issues, profits and income therefrom, and pay over the same to my children herein named, share and share alike, at such times, in such manner and in such amounts as my said executors shall deem most prudent, for and during each of their natural lives, free from any claim or demand that may be held against any of them by any creditor or creditors; and after their decease to their respective wives or husbands during their lives, or until they remarry, also at such times, in such manner, and in such amounts as my said executors shall deem most prudent. If any of my said children should die without issue, and without leaving a husband or wife him or her surviving, then I give, devise and bequeath his or her share to the survivor or survivors of them,

share and share alike. If he or she leave a husband or wife him or her surviving, then I give, devise and bequeath his or her share to the survivor or survivors of my said children, share and share alike, after the decease or remarriage of said husband and wife. If any of my said children die leaving issue, said issue shall represent their parents *per stirpes* and not *per capita*, and receive their parent's share of said rents, profits, issues and income, after the decease or remarriage of their father or mother, at such time, and in such manner, and in such amounts as my said executors shall deem most prudent, until they arrive at the age of twenty-one years (21) when their interest shall be given to them, to be held and enjoyed by them, their heirs and assigns forever."

The material facts set forth in the complaint are stated in the opinion.

*Elon R. Brown* for appellant. The words husband and wife, as used by the testatrix in the residuary clause of her will, must be construed to refer to one becoming such after the death of the testatrix, though possibly unborn and not in being at that time. (*Schettler* v. *Smith*, 41 N. Y. 328; *Quackenbos* v. *Kingsland*, 102 id. 128, 130, 131.) A trust to pay over rents and profits created in language which might permit the continuance of the trust beyond a period measured by two lives, in being at the death of the testator, and a single minority of a remainderman in addition thereto, is void. (*Manice* v. *Manice*, 43 N. Y. 374–384.) Where a primary gift not vested is declared void, because contingent on an event other than the determination of one or two lives in being, the limitation over dependent upon the same contingency, is void also, and cannot be sustained by regarding it as accelerated and vested immediately. (*Rose* v. *Rose*, 4 Abb. Ct. App, Dec. 108.) In the interpretation of the residuary clause in the will, the court will not only look at the language employed, but the surrounding circumstances, to determine what the intention of the testator was. (*Kerr* v. *Dougherty*, 79 N. Y. 348; *Wolf* v. *Van Nostrand*, 2 id. 236.) There

being words of severalty, the trust itself is necessarily divisible, as far as the beneficial disposition of the will calls for the division and separation of any portion of the estate from the residue. (*Mason* v. *Mason's Exrs.*, 2 Sandf. Ch. 432; *Savage* v. *Burnham*, 17 N. Y. 561, 571.) The excess over two lives in being cannot be dropped and the rest sustained. (*Knox* v. *Jones*, 47 N. Y. 389.) So far as this item in the will attempts to create a trust to pay the rents, profits and income to the husband or widow of a deceased child, as that husband or widow "might possibly be unborn at the death of the testator," it is void. (*Schettler* v. *Smith*, 41 N. Y. 328, 339; *Manice* v. *Manice*, 43 id. 384; *Kennedy* v. *Hoy*, 105 id. 134; *Van Schuyler* v. *Mulford*, 59 id. 432; *Knox* v. *Jones*, 47 id. 389.) A trust with remainder to survivors will not be sustained by cutting off a trust with remainder to issue. (*Harrison* v. *Harrison*, 36 N. Y. 543; *Schettler* v. *Smith*, 41 id. 328; *Manice* v. *Manice*, 43 id. 383, 384; *Van Schuyler* v. *Mulford*, 59 id. 426.) As the testator was intestate upon the death of the wife, as to the entire *corpus* of the estate, it was equally divided among his heirs. (*Benedict* v. *Webb*, 98 N. Y. 466; *Tiers* v. *Tiers*, Id. 568.) The provision for the wives or husbands who might not be in being at the testator's death was cut off because it was a separate trust in a separate paragraph. (*Ward* v. *Ward*, 105 N. Y. 168.)

*William C. Spencer* for respondent. Plaintiff cannot, if unable to establish that the testator died intestate as to the premises in question, change his action into one for the construction of the will. (*Schuyler* v. *Schuyler*, 59 N. Y. 426.) The courts will lean in favor of the preservation of all such valid parts of a will as can be separated from those that are invalid without defeating the general intent of the testator, and it is no objection to the application of this rule that the limitations, as well those which are good as those alleged to be bad, are embraced in a single trust. (*Savage* v. *Burnham*, 17 N. Y. 561, 576; *Everitt* v. *Everitt*, 29 id. 39, 57, 79; *McKean* v. *Kearney*, 57 How. 349; *Darling* v. *Rogers*, 22 Wend. 483;

*Post* v. *Hover*, 33 N. Y. 593, 597, 598; *Schettler* v. *Smith*, 41 id. 328, 345, 346; *Schuyler* v. *Schuyler*, 59 id. 426, 432.) As the trust provides for the liquidation of the whole estate, and the collection of the debts due from each child, to provide an income for testator's children during their lifetime, with remainder to their issue, and these objects being valid, plaintiff's action is not maintainable. (*Downing* v. *Marshall*, 4 Abb. Ct. App. Dec. 662; *Tiers* v. *Tiers*, 98 N. Y. 568; *Schuyler* v. *Schuyler*, 59 id. 426, 431, 432.) The clause authorizing a sale is imperative, and not a mere power, and is necessary to carry out the testatrix's intention of a complete liquidation and settlement of the estate. (Perry on Trusts, § 248.) The intention of the testatrix that the absolute ownership shall absolutely vest in each child's issue on and at the death of such child, is not only manifest from the terms of the will, but such has been the invariable legal construction of similar testamentary provisions, which also hold that the mere postponement of the enjoyment or payment in no wise impairs such a devise. (*Tucker* v. *Bishop*, 16 N. Y. 402, 405, 406; *Gilman* v. *Reddington*, 24 id. 9, 18; *Everitt* v. *Everitt*, 29 id. 39, 75; *Clancy* v. *O'Gara*, 4 Abb. N. C. 268; *Stevenson* v. *Lesley*, 70 N. Y. 512, 515; *Moore* v. *Little*, 4 id. 66; *Hoxie* v. *Hoxie*, 7 Paige, 187, 191; *Patterson* v. *Ellis*, 11 Wend. 260, 268; *Sheridan* v. *House*, 4 Abb. Ct. App. 218; *Roome* v. *Phillips*, 24 N. Y. 463, 465; Jarman on Wills, 2 R. & T.'s notes, 417, 418, and notes.) By the will the executors are empowered and directed to sell the premises in question, and there were and are, consequently, persons in being having the power to convey and dispose of the same. There is, therefore, no such suspension of the power of alienation as is forbidden by the statute. (2 R. S. [6th ed.] 1101, § 14; *Robert* v. *Corning*, 39 N. Y. 225, 235.)

FINCH, J. Margaret Van Brunt at her decease left eight children her surviving. Seven of the eight were married and had children of their own. By her last will some few specific

legacies were given, and then the balance of the estate was disposed of by a residuary clause upon the asserted invalidity of which this action is founded. By that clause the testatrix devised and bequeathed the whole of her estate, real and personal, to her executors in trust, to collect and pay over the rents, income and profits to her children in equal proportions during their natural lives, and after their decease to their respective wives or husbands during their lives or until they should remarry. Pausing at this point we find, as it respects each of the eight children, a trust for the life of such child, followed by a second life interest to the surviving wife or husband, as the case might be. It is conceded that, ordinarily and in the absence of qualifying expressions, the husband and wife referred to in the second limitation would be one living at the death of the testatrix, and so the limitation would run, in each part of the divisible trust, for two lives in being at its creation. But this construction is claimed to be inadmissible by reason of qualifying words contained in the devise and bequest of the remainder. The will proceeds: " If any of my children should die without issue, or without leaving *a* husband or wife him or her surviving, then I give, devise and bequeath his or her share to the survivor or survivors of them share and share alike." There is no defect in this limitation over of the remainder considered by itself, but the expression " *a* husband or wife " is alleged to reflect back upon the construction of the second life interest, and make that a limitation, not upon the life of the husband or wife in being at the decease of testatrix, but upon the life of any husband or wife whom a child should thereafter marry, who might be a person born after the death of the testatrix, and so not in being when the limitation was created. And this construction is said to be fortified by the next provision, which is this: " If he or she leave *a* husband him or her surviving, then I give, devise and bequeath his or her share to the survivor or survivors of my said children, share and share alike, *after* the decease or remarriage of said husband or wife." Here, it is argued, is distinctly manifested a purpose to post-

pone the vesting of the remainder in possession until the death of the first life tenant, and then until the death or remarriage of *any* husband or wife who may survive, and who might be a person both born and married after the death of testatrix. The final clause of the paragraph respects the contingency of children dying leaving issue and gives to them *per stirpes*, after the death or remarriage of their father or mother, their parent's share of the rents and profits during minority, and then their interest absolutely.

The next paragraph of the will reads thus: "I hereby authorize and empower my said executors, hereinafter named, at any time when in their judgment it may be advisable to do so, to sell any part or all of my said personal and real estate in the last preceding paragraph referred to, and invest the proceeds arising therefrom in some good, safe and sufficient security."

One of the children now brings this action for a partition, alleging that the whole trust is void because it suspends the absolute power of alienation for more than two lives in being at its creation; that the testatrix died intestate as to the whole residue beyond the specific bequests, and the plaintiff as heir-at-law is entitled to his proportion of the real estate.

To this complaint a demurrer was interposed on the ground that no cause of action was stated. The demurrer was sustained by the Special Term and that decision affirmed by the General Term. The conclusion reached went upon the ground that, whatever might be true of the limitations after the first life estate, the power of alienation was not suspended because of the authority to sell conferred upon the executors by the will.

We are not prepared to give our assent to the doctrine asserted, but without discussing that specific question, we think there is no difficulty in affirming the judgment, upon the ground that, irrespective of the power of sale, the trust is valid, and its limitations not too remote.

As we have said, the words husband and wife, as first used in the will, would naturally and ordinarily refer to a husband

and wife living at the death of the testatrix. That mean-
ing, and the purpose evinced by it, ought not to be surrendered
and changed with the consequence of a destruction of the
trust, unless other language of the will clearly and unmis-
takably points to a different meaning, and establishes a differ-
ent intention. The use of the indefinite article, and the
expression, "*a* husband or wife," does not necessarily, or ·
even fairly, indicate an intention to provide a second life inter-
est in a wife or husband becoming such after the death of the
testatrix. The phrase is not *any* husband or wife, but a hus-
band or wife living at the death of the first tenant for life,
and should be taken to refer to the same husband or wife pro-
vided for in the previous limitation. Seven such husbands
and wives were in fact living when the will was made, and
when the testatrix died, and it was for them that the devise
was made; and if the testatrix had intended a formal pro-
vision for their possible successors after her death, we should
expect to find some definite disclosure of that purpose, and
not one dependent upon a mere inference from a form of
expression which might very well not have been so intended.
For the use of the indefinite article in the phrase, "a husband
or wife," was occasioned by the existence of several such per-
sons answering the description, to any one of whom the pro-
vision was intended to apply. It means, therefore, any one of
the seven in being at testator's death, who might be living at
a child's death, or leave issue upon his or her decease, and
should not be held to include some husband or wife becoming
such after the testatrix's death.

The case mainly relied upon by the appellant is that of
*Schettler* v. *Smith* (41 N. Y. 328), but there the language of
the will was different and provided for the unlawful limita-
tion by expressions, definite and precise in their application,
and which could bear no other meaning. The trust in that
case secured a life interest to the son, John Jacob, and on his
death to his wife, by a separate provision confined to them
alone, although the son was unmarried, and it could have had

no possible application to a wife living at the testator's death, and must have contemplated an after marriage and provision for such a wife. Here, on the contrary, there are seven wives and husbands living at testator's death, to whom the limitation can apply, and was intended to apply, and we are asked to go beyond that application and construe it not only to reach a later wife of the one unmarried son, but also a possible second wife or husband of the married children. In the case cited the language creating the trust for another son, Lawrence, who was married, is still more decisive, for there added to the bequest to the wife of Lawrence, was the provision, " on her decease if he leave a *widow*, or, if he leave no widow, then on his decease, to convey," etc. The court very properly held that the use of the word " widow," plainly included any wife who might survive him.

It is true, as is conceded, that the trust in the present will is divisible into as many separate trusts as there are children. But in seven of them there was, in each case, a wife or husband living at the death of the testatrix, and within her knowledge and thoughts, and about those there is no serious question, and scant room for doubt that such and such only were the intended beneficiaries of the second life interests. We do not think the construction should be changed when we come to the case of the unmarried son, for, though the trust was divisible, it was created at once for all the children, and by a common description and expression.

But assuming the trust estates which precede the remainders to be valid, it is contended that such remainders to the grandchildren further suspend the power of alienation beyond a single minority. That contention proceeds upon the theory that the remainder does not vest until all the grandchildren in one of the trusts, who take their father's share, become of full age, and is founded upon the fact that they are to take *per stirpes*, and that they are to receive the income until of full age, " when their interest shall be given to them." But already, in previous provisions, the testatrix had declared that the remainders to her surviving children should vest at once

upon the termination of the precedent estates, and when she reaches the alternative of there being issue, her words are that said issue shall "represent" their parent, and when of full age "their interests shall be given to them." This language assumes in the grandchildren an existing "interest," the possession of which is postponed during minority, and the remainder in fee in each case vests in interest upon the termination of the precedent estates, the possession only being postponed; so that if, upon the death of testatrix, each minor grandchild then living took only a contingent future estate, yet, upon the death of its father and mother, the contingency disappeared and the estate vested at that date as a remainder in fee. (*Manice* v. *Manice*, 43 N. Y. 374.) It was distinctly held in that case that where nothing is interposed between the minor and his enjoyment of his estate except his own minority, the estate is vested. And the case becomes stronger when, during such minority, the accruing rents and profits are given to the minor. In such event the gift of the intermediate income indicates an intention to vest the *corpus* from which the income is to be derived. (*Robert* v. *Corning*, 89 N. Y. 225, 241.)

That the issue of each child were to take *per stirpes* does not make them joint tenants, and so interpose minorities other than their own. The phrase indicates that, as between them and the other grandchildren, they are to have exactly their parent's share, unaffected by their own number, but accomplishes no more than that. How, as between themselves, they take, is fixed by statute (1 R. S. 727, § 44), which makes them tenants in common in the absence of an express provision for a joint tenancy.

It follows, therefore, under this will that, upon the death of any child, and that child's husband or wife who was living at testatrix's death, the portion or share of such child vested at once in his or her children, each one of such children taking his or her proportion in fee, subject only to a postponement of possession during his or her minority, and to the execution of the trust upon the rents and profits during that period.

(*Stevenson* v. *Lesley*, 70 N. Y. 517; *Embury* v. *Sheldon*, 68 id. 234.)  There was, therefore, no possible suspension of the power of alienation beyond two lives in being at the death of the testatrix, and a single minority.

We think, therefore, that this will admits of a construction which preserves its dispositions and does not invalidate its limitations.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.