---

### MEEKER v. MEEKER et al.

(Supreme Court, Appellate Division, Third Department. March 9. 1910.)

1. WILLS (§ 821*)—CONSTRUCTION—ANNUITIES—LIEN ON REAL PROPERTY— RIGHTS OF ANNUITANT.

Under a will providing that an annuity to the testator's wife should be a lien during her life on real estate devised to a son, who was charged with the payment thereof, annuities unpaid at the son's death were a lien on the devised property into whatever hands it might come, and she was not bound to look to his estate for payment, though she could do so if she chose.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 821.*]

2. WILLS (§ 825*)—CONSTRUCTION—ANNUITIES—LIEN ON REAL ESTATE—MERGER.

Nor were the annuities merged when one-half the property passed to the annuitant under the provisions of the will on the son's death.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 825.*]

3. WILLS (§ 496*)—CONSTRUCTION—GIFT TO "WIFE" OR "WIDOW."

Unless there is something in a will indicating the contrary, a gift to the "wife" of a designated married man is a gift to the wife existing at the making of the will, and not to the one he may subsequently marry, but a gift to the "widow" of a designated person includes such wife as may survive him.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1065, 1066; Dec. Dig. § 496.*

For other definitions, see Words and Phrases, vol. 8, pp. 7457–7460.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. WILLS (§ 456*)—CONSTRUCTION—ORDINARY MEANING. .
    When the language of a will is clear and definite, it must be inter-
    preted in its ordinary meaning, and testator must be deemed to mean what
    he says.
        [Ed. Note.—For other cases, see Wills, Cent. Dig. § 974; Dec. Dig. § 456.*]

5. WILLS (§ 496*)—CONSTRUCTION—MEANING OF "WIDOW."
    A will, after giving testator's farm and the stock and implements·
    thereon to his son, subject to an annuity to his wife, provided that in case·
    his son, who had then only one child, should die before his wife, the prop-
    erty given to his son should be "equally divided between my said wife and
    my son's widow and child or children; that is, my wife to have one-half
    thereof and my son's widow and child or children, the other one-half."
    Held, that the term "widow" as used therein was not restricted to his·
    wife at the time of the will, but included the wife who survived him.
        [Ed. Note.—For other cases, see Wills, Dec. Dig. § 496.*]

Appeal from Special Term, Delaware County.

Partition by Sally Meeker against Nellie Meeker and others. From
an interlocutory judgment, defendant Nellie Meeker appeals. Modi-
fied and affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE,
SEWELL, and HOUGHTON, JJ.

C. R. O'Connor, for appellant.
C. L. Andrus, for respondent.

HOUGHTON, J. Hiram Meeker died in 1889, leaving a last will
and testament, by which, amongst other provisions, he bequeathed and
devised by the third paragraph the farm upon which he and his son and
family resided, and the stock and implements thereon to his son Charles
G., subject to the payment by such son to his widow, this plaintiff, of
a yearly annuity of $100, which annuity was made a lien upon the real
property. The will contained the following additional provisions:

"Fifth. I do further provide that in case my son Charles G. Meeker shall
die before my wife, then and in that case it is my will that the property, real
and personal, hereinbefore devised and bequeathed to my said son in the third
paragraph hereof, shall be equally divided between my said wife and my son's
widow and child or children; that is, my wife to have one-half thereof and
my son's widow and child or children the other one-half."

At the time of the execution of the will, Charles was married to
Isabella, and they had a young daughter, Jennie. The wife Isabella
died, and Charles married the appellant Nellie Meeker. Thereafter he
died, leaving him surviving his mother, this plaintiff, his widow, the
appellant, and his only child, defendant Jennie Draffen. Thereupon
the plaintiff brought this action in partition, alleging that the annuity
for several years prior to the death of Charles had not been paid, and
asked that it be declared a lien upon the land, and also alleging that
she and the daughter Jennie were equal owners of the real property
subject to such lien, and that the widow, Nellie, was entitled to no
interest therein. The trial court found that the unpaid annuities at the
death of Charles were a lien upon the property, and that the widow,
Nellie, had no interest therein because the term "my son's widow"

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

referred to and was intended to designate his son's then wife, Isabella, and not any subsequent wife which might become his widow.

We concur with the learned trial court in his conclusion that the annuities unpaid on the death of Charles were a lien upon the real property devised. In the paragraph of the will providing for such annuity the language is:

"The annuity above mentioned is hereby made a lien upon the real estate hereinafter devised to my son Charles G. Meeker, during the life of my said wife."

By allowing such annuities to remain unpaid, the plaintiff did not waive any lien she might have on the real property for their payment. On the death of Charles, although she had permitted him to become delinquent, she was not compelled to look to his estate for payment. She could do so if she chose, but she could also enforce her lien if she elected so to do. While Charles owed the unpaid annuities, still they remained a lien on the lands in whosoever hands they might come on his death. Nor were the annuities which were secured by such lien merged when one-half the real property passed to the plaintiff under the provisions of the will upon the death of Charles. Of course, in the practical outcome under a partition sale herein, if the plaintiff deducts one-half of her lien from her one-half share, her remainder of the proceeds will be so much less. The owners of the other half, however, cannot complain of this, because, as to their half, there was clearly no merger, and the moiety which passed to them is subject to one-half the lien in any event.

We are of the opinion, however, that the appellant Nellie Meeker, widow of the son Charles G. Meeker, is entitled to a one-quarter interest in the real property, subject to its aliquot part of the lien of the unpaid annuities. While it is possible that the testator had in mind only Isabella, the then wife of his son, the language which he used in his will is so broad that it must be deemed to refer to such widow as his son might leave on his death. He did not name Isabella, nor did he use the word "wife." In making provision for the division of his property in case his son should die prior to the death of his own wife, the testator necessarily referred to the future. At the time of the making of the will his son Charles had but one child, and yet he made provision for his "child or children." He did not say that his property should be divided amongst his own wife and the child or children of his son "and the wife of his son," but his "son's widow." If Charles had not remarried, he would have left no widow. Having remarried, the widow which he left was this appellant, and she comes within the precise wording of the will. Unless there be something in a will indicating the contrary, a gift to the "wife" of a designated married man is a gift to the wife existing at the time of the making of the will, and not to one whom he may subsequently marry. Van Brunt v. Van Brunt, 111 N. Y. 178, 19 N. E. 60; Van Syckel v. Van Syckel, 51 N. J. Eq. 194, 26 Atl. 156. A gift to the "widow" of a designated person, however, has a broader application, and includes such wife as may survive him. Schettler v. Smith, 41 N. Y. 328; Swallow v. Swallow's Adm'rs, 27 N. J. Eq. 278.

In speaking of the holding in Schettler v. Smith, supra, Finch, J., in the course of his opinion in Van Brunt v. Van Brunt, supra, says:

"The court very properly held that the use of the word 'widow' plainly included any wife who might survive him."

And in Swallow v. Swallow's Adm'rs, supra, the chancellor says:

"It could not, of course, be ascertained until the death should have occurred who would answer the description—who would be the widow. The provision is not declared to be in favor of any person living at the date of the will, nor is the language employed to be so construed. The gift is not to the wife of the decedent. but to his widow, the person who should be his wife at the time of his death."

The above cases clearly illustrate the difference in meaning to be attached to the words "wife" and "widow" as used in bequests and devises. Davis v. Kerr, 3 App. Div. 322, 38 N. Y. Supp. 387, is not to the contrary. In the will there under consideration the term "wife" was first used, and she was subsequently referred to as widow, and the court very properly held that the term "widow" referred to the wife previously designated. If a wife exists at the time of the making of the will, the designating of her as such is practically denominating her by name, and no subsequent wife can take. The term "widow" includes the person who answers that description on the death of the designated person. When the language of a will is clear and definite, it must be interpreted in its ordinary meaning, and the testator must be deemed to mean what he says. We think it would be doing violence to the language of the present will to hold that no widow of Charles except Isabella could take the devise provided by the will.

All the facts are found, and as a conclusion of law it was determined that the appellant had no interest in the real property. It is proper, therefore, that we should modify the judgment by striking out that portion declaring that the appellant Nellie Meeker has no interest in the property, and inserting in place thereof that she has an undivided one-quarter interest therein subject to the lien of the plaintiff for her unpaid annuities.

As so modified, the judgment is affirmed, without costs to either party. All concur.