Sally Meeker, Respondent, v. Jennie Draffen, Appellant, and Nellie Meeker, Individually and as Administratrix of the Estate of Charles G. Meeker, Deceased, Respondent, Impleaded with Others.

Will — gift to "wife" of designated man is gift to the wife existing when will is made — gift to "widow" of designated man includes such wife as may survive him.

Unless there be something in a will indicating the contrary, a gift to the "wife" of a designated married man is a gift to the wife existing at the time of the making of the will and not to one whom he may subsequently marry. A gift to the "widow" of a designated person, however, has a broader application and includes such wife as may survive him.

*Meeker* v. *Draffen*, 137 App. Div. 537, affirmed.

(Argued February 22, 1911; decided March 14, 1911.)

Appeal from a judgment, entered July 6, 1910, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which modified and affirmed as modified an interlocutory judgment of Special Term in an action of partition.

By her complaint in this action the plaintiff alleged that herself and the "defendant Jennie Draffen are each seized and entitled in fee simple absolute to one undivided half" of certain premises in the county of Delaware, and the relief demanded is a partition of the same in the usual form.

The defendant Nellie Meeker by her answer alleged that she is "the owner in fee simple absolute of an undivided fourth interest in" said premises and she demanded judgment accordingly.

The defendant Jennie Draffen by her answer to the complaint "and to the claim of Nellie Meeker herein and in her answer set forth, denies that the said Nellie Meeker is the owner of any interest in the real estate described in the com-

plaint." Each party in her pleading alleged facts tending to support her claim.

The trial resulted in an interlocutory judgment for the plaintiff in accordance with the prayer of her complaint, and after a sale by the referee appointed for the purpose final judgment was entered, directing distribution of the fund accordingly. Upon an appeal by Nellie Meeker from the final judgment with notice of intent to bring up for review the interlocutory judgment, the Appellate Division modified the latter by striking therefrom the part " declaring that the defendant Nellie Meeker has no interest in the property, and inserting in the place thereof that she has an undivided one-quarter interest therein." The defendant Jennie Draffen appealed to this court.

*C. L. Andrus* for appellant. The legacy in the will of Hiram Meeker of one-half of his real estate to " my son's widow and child or children," referred to the wife of the son then living and not to a widow who should be a subsequent wife. (*Borcham* v. *Bagnell*, 8 Hare, 131 ; *Beers* v. *Narramore*, 61 Conn. 13 ; *Johnson* v. *Webber*, 65 Conn. 501 ; *Anstrutz* v. *Miller*, 81 Penn. St. 212.)

*C. R. O'Connor* for defendant, respondent. A devise or bequest to the widow of a certain person is held to have reference not necessarily to the wife at the time of the making of the will, but to the wife who might survive the person designated. (29 Am. & Eng. Ency. of Law [1st ed.], 111 ; *Bell* v. *Smally*, 45 N. J. Eq. 478 ; *Schettler* v. *Smith*, 41 N. Y. 328 ; *Swallow* v. *Swallow*, 27 N. J. Eq. 278.) The fifth paragraph of the will speaks as of the death of Charles G. Meeker because the devise was contingent upon the death of the son, Charles G. Meeker, before the death of the testator's widow, Sally Meeker, and was only to take effect upon the happening of that event. (*Clark* v. *Camman*, 160 N. Y. 316 ; *Nathan* v. *Hendricks*, 87 Hun, 483 ; *Delaney* v. *Cormack*, 88 N. Y. 174 ; *Matter of Allen*, 151 N. Y. 243.)

VANN, J. This appeal depends on the construction of the fifth clause in the will of Hiram Meeker, who died on the 22nd of March, 1889, leaving him surviving the plaintiff, his widow, Jennie Draffen, a granddaughter, and his only heir at law, and Nellie Meeker, the widow of his deceased son, Charles G. Meeker. The will, which was promptly admitted to probate, bears the date of February 11th, 1887, and as the trial court found " at the time of the execution thereof, said Hiram Meeker resided on the premises described in the complaint with his wife Sally Meeker, the plaintiff herein, his son Charles G. Meeker and his wife Isabella Meeker, and their daughter Jennie, now Jennie Draffen, one of the defendants herein. In or about the year 1902 Isabella Meeker, the wife of Charles G. Meeker, died, and thereafter and on or about January 26th, 1906, said Charles G. Meeker was married to the defendant Nellie Meeker. Charles G. Meeker died on the 23rd of March, 1908, leaving him surviving the defendants Nellie Meeker, his widow, and Jennie Draffen, his only child."

The fifth clause of said will is as follows : " I do further provide that in case my son, Charles G. Meeker, should die before my wife, then and in that case it is my will that the property, real and personal, hereinbefore devised and bequeathed to my said son in the third paragraph hereof, shall be equally divided between my said wife and my son's widow and child or children, that is, my wife to have one-half thereof and my son's widow and child or children, the other one-half, and then the legacy of one thousand dollars to my daughter Mary, the annuity of one hundred dollars to my wife and the provision for her support are all to be void and of no effect, but in case my son Charles survives his mother, then this fifth paragraph is of no effect."

In construing this clause the trial court held that the devise to the widow of Charles G. Meeker " referred to and was intended to designate his son's then wife, Isabella Meeker, and not any subsequent wife." The Appellate Division, on the other hand, held that " it would be doing violence to the

language of the testator to hold that no widow of Charles except Isabella could take the devise provided by the will."

We think the testator intended to provide for the widow of Charles, whoever she might be, simply because she was his widow and being deprived of his support would need something to live on. The provision took the place of a right of dower in the premises in question devised to Charles by the third clause of the will, which she would have had if the fifth clause had not gone into effect. When describing his own wife the testator called her his wife, not his widow. Five times in the fifth clause he referred to her as "my wife," "my said wife," or as the mother of Charles. He did not speak of Charles' wife, which would have properly described Isabella, who was the wife of Charles at the date of the will, but of his widow, with nothing in either text or context to fasten the term to any particular person, but simply to the one who should be the widow of his son at the time of his son's death. The appellant relies on the situation at the date of the will, but the testator apparently did not have that in mind, as he wrote the clause in question for the future and with reference to a particular date to be fixed by an event to happen in the future by providing that on the death of his son prior to that of his mother, his son's widow should share in the devise. His language according to its ordinary and natural meaning includes the defendant Nellie and excludes the deceased Isabella. He had in mind children who might be born to Charles in the future and as any child by the second wife would take under the words "my son's * * * child or children" why should not the second wife take under the words "my son's widow" occurring in the same sentence? If he meant Isabella and no one else, why did he not refer to her by name or by some words of description? The fifth clause was to take effect only in case Charles should die before his mother, and in that event it was to a great extent to be substituted in place of the preceding provisions of the will. It cannot be read as of the date of the will, because the devise therein could take effect only upon the

occurrence of an uncertain event, which might never happen and unless it happened and not until it happened could the persons described as widow and child or children become definitely known. The sole question is who then answered the description of " my son's widow ? " Isabella did not, for she never became a widow by surviving her husband. Nellie did, for she was married to Charles, and was living when he died.

We agree with the learned counsel for the appellant that the precise question here involved has not been determined in this state, but we think the cases tend to establish the rule laid down by the Appellate Division (137 App. Div. 537, 539) as follows : " Unless there be something in a will indicating the contrary, a gift to the ' wife ' of a designated married man is a gift to the wife existing at the time of the making of the will and not to one whom he may subsequently marry. (*Van Brunt* v. *Van Brunt*, 111 N. Y. 178 ; *Van Syckel* v. *Van Syckel*, 51 N. J. Eq. 194.) A gift to the ' widow ' of a designated person, however, has a broader application and includes such wife as may survive him. (*Schettler* v. *Smith*, 41 N. Y. 328 ; *Swallow* v. *Swallow's Admrs.*, 27 N. J. Eq. 278.) "

Ordinarily the use of the word " wife " in a will means the person who, at the date thereof, is the wife of the man named. An existing fact is referred to, for the relation has already been created, and as only one person sustained that relation she is pointed out as well as if designated by name. The use of the word " widow," however, involves no fact in existence at the date of the will and no fact which necessarily will ever come into existence. The relation of widow had not then been created and might never be created, for the man might never leave a widow. Hence the person meant could not be known until further events pointed her out.

It is difficult to formulate a general rule upon the subject, for " no will has a brother," and the language of every testator must be studied by itself in order to learn his intention. We think the rule announced by the Appellate Division,

14

however, applies to this case and affirm the judgment appealed from, with costs to the respondent Nellie Meeker, payable out of the proceeds of the sale.

Cullen, Ch. J., Gray, Werner, Willard Bartlett and Chase, JJ., concur; Haight, J., absent.

Judgment affirmed.