HARRY C. WILLIAMS, Individually and as Administrator with the Will Annexed of the Estate of THOMAS MOOK, Deceased, et al., Appellants, *v.* WILLIAM A. F. ALT, Respondent, Impleaded with Others.

Will — devise by testator to his son and wife during their joint lives — second wife of son by marriage after testator's death has no interest in property devised — summary proceedings — reversioners cannot maintain same to eject tenant holding premises under lease from the deceased son on ground tenant is a squatter or intruder.

1. A squatter is one who settles on the lands of another without any legal authority, and an intruder is one who enters upon property where he has no right, or one who, after the death of an ancestor,

enters upon land unlawfully, before the heir can enter. The use by the legislature of the words " squatter " and " intruder " in the statutes affecting possession of real property does not include persons other than those within the ordinary meaning of the words.

2. Testator devised certain real property to his son and his wife during their joint lives. The wife dying after the testator, the son again married, and before his death leased the property so devised to one of the respondents. *Held, first,* that the second wife has no interest in the real property so devised; *second,* that when the son died, the lease made by him as owner of a life estate in the real property to the respondent terminated. (Code Civ. Pro. § 1664.) Therefore, from the death of the son the tenant was a trespasser as were his subtenants, and the reversioners, owners of the fee, were entitled to the possession of the property. *Third,* that on the refusal of the respondent and his subtenants to deliver possession of the property to the appellants, who succeeded to the title, they were not entitled to maintain summary proceedings to obtain possession. The respondent and his subtenants, while trespassers, are not squatters and the provisions of subdivision 4 of section 2232 of the Code of Civil Procedure do not apply. (*Meeker* v. *Draffen,* 201 N. Y. 205; *Matter of Harris,* 152 App. Div. 52; affd., 206 N. Y. 690, distinguished.)

*Williams* v. *Alt,* 186 App. Div. 235, affirmed.

(Argued April 7, 1919; decided April 29, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 7, 1919, which affirmed a determination of the Appellate Term affirming an intermediate order of the Municipal Court of the city of New York opening the default of the defendant and a final order of said court dismissing the petition of the plaintiffs in summary proceedings to recover possession of real property.

The facts, so far as material, are stated in the opinion.

*William R. Hill* for appellants. The respondent became a trespasser upon the death of the life tenant. (*Hinton* v. *Bogart,* 166 App. Div. 155; *Barson* v. *Mulligan,* 191 N. Y. 306; Code Civ. Pro. § 1664; *Livingston* v. *Tanner,* 14 N. Y. 64.) The respondent, a trespasser, may

be removed in summary proceedings as an intruder. (Code Civ. Pro. § 2232, subd. 4; *Barson* v. *Mulligan,* 191 N. Y. 306; 198 N. Y. 23; *People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43; *Bloomgarden* v. *Hoffmann,* 116 App. Div. 719; *Smith* v. *People,* 47 N. Y. 330; *People ex rel. C. Ins. Co.* v. *Coleman,* 121 N. Y. 542; *Spencer* v. *Myers,* 150 N. Y. 269; *Mulligan* v. *Kraus,* 88 Misc. Rep. 538; *Markun* v. *Weckstein,* 100 Misc. Rep. 668; *Johanns* v. *Fiske,* 224 N. Y. 513; *Newman* v. *O'Rourke,* 149 N. Y. Supp. 514.)

*Max Schleimer* for respondent. On the death of Henry R. Mook the life estate continued in Jennie D. Mook, his second wife. Helen Poole Mook, his first wife, had no interest in the premises. (*Salter* v. *Drowne,* 205 N. Y. 204; *Matter of Baer,* 147 N. Y. 348; *Matter of Lyne,* L. R., 8 Eq. Cas. 65; *Matter of Harris,* 152 App. Div. 52; 206 N. Y. 690; *Meeker* v. *Draffen,* 201 N. Y. 205; *Busk* v. *Binninger,* 3 Barb. 391; *Calvo* v. *Davies,* 73 N. Y. 211.) Summary proceedings do not lie at the instance of a reversioner to remove a tenant of a life tenant on the death of the latter. The remedy is by an action in ejectment. (*Matter of Bigelow,* 67 Misc. Rep. 545; *Whitney* v. *Dart,* 117 Mass. 153; *Wolfe* v. *Angevine,* 57 Miss. 767.)

CHASE, J. Thomas Mook died in 1885 leaving a will which was duly admitted to probate. He provided therein as follows:

"*Fifth.* I give and devise to my son Henry R. Mook and his wife during their joint lives my house and lot Number 299 Third Avenue in the city of New York being about 18 feet 6 inches wide by 97 feet deep, upon the same terms and conditions and with the same powers to the executors as are mentioned in the second clause of this will in reference to said house and lot No. 305 Third Avenue. * * *."

The second clause of the will gives and devises to

another son " and his wife during their joint lives " a house and lot No. 305 Third avenue, and in said clause it is further provided: " On the death of the survivor of them I give and devise the same to their lawful issue if they have any; if there be no lawful issue then living then I desire my executors hereinafter named or the survivor or survivors of them or such of them as may qualify to sell said premises or any part thereof either at public or private sale as they may deem most expedient and divide the proceeds of such sale among my then surviving children and the lawful issue of such of them as may then be dead, the issue of each deceased child taking the share his or their parent would have taken if living."

At the death of Thomas Mook his son Henry R. Mook was a married man living with his wife Helen Poole Mook. Helen Poole Mook died March 3, 1910. Henry R. married the second time, November 23, 1914, and died February 24, 1917, without leaving issue. The name of his second wife was Jennie D. Mook and she is now living. Henry R. Mook on the 9th day of July, 1914, rented the real property described in the fifth paragraph of the will to the respondent William A. F. Alt for a period of ten years to begin May 1, 1915. Jennie D. Mook claims that as she was the wife of Henry R. Mook at the time of his death she is entitled to the possession of said real property during her life. She has expressly consented that William A. F. Alt remain in the possession of said real property on the terms of the lease of July 9, 1914. The appellants are the administrators with the will annexed of the goods, etc., of Thomas Mook deceased, and the owners under said will of the fee of said real property subject to the possession thereof for life as therein stated. They brought this proceeding to remove the respondents from said real property. Two questions are before us for consideration:

1. Has Jennie D. Mook any interest in said real property under the will of Thomas Mook.

2. Even if Jennie D. Mook has no interest in said real property can the appellants maintain summary proceedings for the removal of William A. F. Alt and his subtenants therefrom.

We do not think that the gift in this case to the son's wife was in any sense to a class. The rule that a gift to a class to take effect in the future vests in the person or persons who answer the description on the date of distribution is not applicable. (*Salter* v. *Drowne,* 205 N. Y. 204.) The gift was to Henry R., the testator's son, and to his wife. The testator spoke of an existing fact. The gift was to persons designated " during *their joint lives.*" The wife then living or living at the date from which the will is deemed to speak was designated as the person intended by the testator as surely as if she had been mentioned by name.

It has been held that unless there be something in a will indicating the contrary a gift to the wife of a designated married man is a gift to the wife living at the time of the making of the will and not to one whom he may subsequently marry. (*Meeker* v. *Draffen,* 201 N. Y. 205; *Van Brunt* v. *Van Brunt,* 111 N. Y. 178; *Van Syckel* v. *Van Syckel,* 51 N. J. Eq. 194.) If the testator had intended to make the gift to his son and his son's wife living at the death of the son he would have chosen words fairly expressing that intention.

The cases in this state relied upon by the respondents are clearly distinguishable from the case now before us. In *Matter of Harris* (152 App. Div. 52; affd., 206 N. Y. 690) a testator gave certain property in trust for the benefit of his son for life and upon the death of the son the principal " Shall belong to his wife and children then living." The court held that the wife living at the death of the son and not a former wife living at the date of the will and the death of the testator was intended by the testator.

In *Meeker* v. *Draffen* (*supra*) the will under considera-

tion devised and bequeathed certain property to the testator's son and further provided that upon the death of the son the property so devised should be equally divided " between my said wife and my son's widow and child or children." It was held that it was the intention of the testator to give an interest in the residue to the person who was the wife of his son at the time of his (the son's) death.

In the case now before us there is nothing to indicate an intention on the part of the testator to make a gift other than to the wife of his son living at the making of the will or at the time of his (Thomas Mook's) death.

Jennie D. has no interest in the real property under consideration. It has already been so held by the Surrogate's Court and also by the Appellate Division on an appeal from the order of the Surrogate's Court in a proceeding in which Jennie D. Mook was the petitioner. An administrator with the will annexed of the goods, etc., of Thomas Mook, deceased, was appointed. The appointment was made without notice to Jennie D. Mook. She subsequently made application to the Surrogate's Court to have the letters of administration with the will annexed revoked. That application was denied. (*Matter of Mook's Estate*, 167 N. Y. Supp. 170.) An Appeal was taken from that order to the Appellate Division where the order of the Surrogate's Court was unanimously affirmed. (181 App. Div. 934.)

When Henry Mook died the lease made by him as owner of a life estate in the real property, to the respondent Alt, terminated. (*Barson* v. *Mulligan*, 191 N. Y. 306.)

It is provided by section 1664 of the Code of Civil Procedure as follows: " A person in possession of real property, as guardian or trustee for an infant, or having an estate determinable upon one or more lives, who holds over and continues in possession, after the determination of his trust or particular estate, without the

express consent of the person then immediately entitled, is a trespasser."

Alt, therefore, from the death of Henry R. Mook was a trespasser as were his subtenants, and the reversioners, owners of the fee, were entitled to the possession of said real property.

The question remains whether on the refusal of Alt and his subtenants to deliver possession of the real property to the appellants they were entitled to maintain summary proceedings to obtain possession.

Summary proceedings, except in punishment for contempt and in a few other cases dependent upon special reasons, were not allowed at common law. Summary proceedings as implied in the name, are short and simple in comparison with those that are usual, regular and formal. They are authorized by statute in prescribed instances. In this state they are allowed to recover the possession of real property by title 2 of chapter 17 of the Code of Civil Procedure. (See sections 2231 to 2233, inclusive.) They are generally but not exclusively confined to cases where the conventional relation of landlord and tenant exists. Other relations are included by the provisions of sections 2232 and 2233. Section 2232 provides generally that a person who holds over as therein provided may be removed as provided in the title relating to summary dispossession in four specified instances. The first three subdivisions of the section relate in turn to property sold by virtue of an execution — property sold upon foreclosure — and property held under an agreement to occupy and cultivate upon shares. The fourth subdivision of the section provides:

" 4. Where he, or the person to whom he has succeeded, has intruded into, or squatted upon, any real property, without the permission of the person entitled to the possession thereof, and the occupancy, thus commenced, has continued without permission from the latter; or,

19

after a permission given by him has been revoked, and notice of the revocation given to the person or persons to be removed."

It is urged by the appellants that Alt being a trespasser within the provisions of section 1664 quoted comes within subdivision 4 of said section 2232. We think not. He is not a squatter thereon within the meaning of the statute, and his possession did not commence by intrusion therein but by right. The relation of landlord and tenant does not exist as between the appellants and Alt and as he (Alt) does not come within the terms of the sections quoted which extends the authority of the court in summary proceedings the remedy of the appellants is by an action to recover possession of the real property.

The fourth subdivision of said section so far as it affects the question now before us is sufficiently clear so that we cannot find that it was the intention of the legislature to include therein any case not within such clear meaning.

A squatter is one who settles on the lands of another without any legal authority, and an intruder is one who enters upon property where he has no right, or, as it has been defined, one who, after the death of an ancestor, enters upon land unlawfully, before the heir can enter. The respondent Alt entered upon the lands in question by right under the life tenant, then living. The occupancy "thus commenced" has not been changed by any new arrangement with the respondents. The use by the legislature of the words "squatter" and "intruder" in statutes affecting possession of real property and leading up to the present statutes mentioned, does not seem to have been intended to include persons other than those within the ordinary meaning of the words. (Chapter 396, Laws of 1857, relating to the punishment of nuisances and malicious trespasses on land and the subsequent criminal statutes including sections 467 and 940, subdivision 9, of the Penal Code, and 2036 and 1425, subdivision 9, of the Penal Law. Also Revised Statutes,

part 3, chapter 8, title 10, sec. 28, and the amendments thereto from which the present section 2232 of the Code of Civil Procedure originated.)

It is said that the reason why summary proceedings should be sustained in the case now before us is as impelling as if Alt and his subtenants were technically intruders or squatters upon the land. The court has no power or authority to sustain a proceeding not within the statutory provisions. It is a case where the legislature might with good reason add another subdivision to said section 2232 to include a case where persons like the respondents who come rightfully into the possession of real property remain therein without right after the death of a life tenant and the termination of their rightful possession thereof.

The statement of this court in *Barson* v. *Mulligan* (198 N. Y. 23, 25) about the removal of a person in possession of real property by summary proceedings was not necessary to the decision of that case and does not require that we should hold that the proceedings in this case should be sustained.

The order should be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Order affirmed.