In the Matter of the Estate of THOMAS W. BRADLEY, Deceased.

Surrogate's Court, Orange County, June, 1922.

**Wills — construction of — transformation of stock of national bank not an ademption of a legacy — specific legacies governed by date of execution of will — when codicil does not revive a lapsed legacy.**

The transformation of stock of a national bank to the stock of another national bank organized to succeed the former does not work an ademption of a legacy of the stock of the former bank.

In the absence of testamentary intention to the contrary, a gift of money to the wife of a designated man is a gift to her who was his wife at the making of the will, under the rule that as to specific legacies a will speaks as of the time of its execution.

The said wife died and her husband remarried. *Held*, that a codicil to the will executed thereafter, which merely revoked the appointment of certain executors and substituted others, did not revive in favor of the second wife the lapsed legacy.

PROCEEDING for the judicial construction of certain portions of the will of deceased.

*A. S. Embler*, for executors.

*R. T. Hume*, for village of Walden.

*J. Mortimer Bell*, for Mrs. Eli Ellis.

SMITH, S. Col. Thomas W. Bradley, a veteran of the Civil War and for many years the member of congress from this district, died a resident of the village of Walden in this county on the 30th day of May, 1920. He left no near relatives and, after a great number of bequests of various amounts to friends and acquaintances, left the residue of his estate to the village of Walden for the purpose of maintaining a public building previously erected by him.

The testator gave and bequeathed to his housekeeper, Mary F. Denniston, among other things, his stock of the "National Bank of Walden." Subsequent to the execution of the will and prior to the death of the testator, the charter of this corporation

expired and was not renewed by reason of the refusal of certain stockholders to give the necessary consent. Thereupon a new corporation known as the " Third National Bank of Walden " was formed with the same officers and employees which bought and took over the property and assets of the " National Bank of Walden." Col. Bradley acted as the correspondent in the application for the new charter and accepted stock of the new bank in place of the stock held by him in the old bank and which was described in his will. The first question to be determined is whether or not said legacy to Mary F. Denniston lapsed and became adeemed.

The testator, as above stated, gave many legacies to friends and acquaintances and one of such was " To Mrs. Eli Ellis, Pleasant Avenue, Walden, N. Y., the sum of Five hundred dollars." At the time of the execution of the will on July 31, 1908, the first wife of one Eli Ellis was living at the address named with said Ellis. On or about April 4, 1913, this wife died and Ellis thereafter and on or about September 6, 1913, married again and the second wife now claims this legacy. The proof shows that decedent knew of the death of the first wife and of the marriage of Eli Ellis to the claimant; that he knew claimant was the wife of Eli Ellis, residing at the address stated, when he executed a codicil to his will on May 31, 1918, and it is now asserted that the effect of the execution of such codicil was to confirm and republish his will, including said legacy, and make the will speak from the date of the execution of such codicil. The codicil merely revoked the appointment of certain executors and substituted others. The second question to be determined is whether or not said legacy lapsed.

Ademption is the extinction or satisfaction of a legacy by some act of the testator which is equivalent to a revocation of the bequest or indicates the intention to revoke. *Burnham* v. *Comfort,* 108 N. Y. 535, 539. Slight or immaterial changes in the form of personalty specifically bequeathed will not work an ademption. *Matter of Howard,* 46 Misc. Rep. 205; *Matter of Leavitt,* 86 id. 609; *Matter of Adams,* 90 id. 254; *Pruyn* v. *Sears,* 96 id. 200. The transformation of state to national bank stock is not such a change as will cause a legacy of the former to fail (*Maynard* v. *Bank,* 1 Brewst. [Penn.] 483), and, in my opinion, the transformation of stock of one national banking corporation to the stock of another national banking corporation organized to succeed the former does not work an ademption and, therefore, Mary F. Denniston is entitled to the stock in question.

Unless there be something in the will to the contrary, a gift to the wife of a designated married man is a gift to the wife existing

at the time of the making of the will and not to one whom he may subsequently marry. *Meeker* v. *Draffen*, 137 App. Div. 537; affd., 201 N. Y. 205, 209.

As to specific legacies, the will speaks as of the time of its execution (*Matter of Delaney*, 133 App. Div. 409; affd., 196 N. Y. 530), and the legacy to " Mrs. Eli Ellis " was to the wife of Eli Ellis living at such time.

The codicil executed by the testator modified his will in the respect stated only and cannot have any other operation than may be necessary to give effect to its provisions and cannot be held to revive a lapsed legacy in favor of a different person who now answers the description of the legatee intended. *Hard* v. *Ashley*, 117 N. Y. 606, 613.

Submit decree in accordance herewith upon three days' notice.

Decreed accordingly.