William J. Regan, J.
The decedent, Edna S. Hedrick, died on January 20, 1970, leaving a last will and testament dated November 6, 1968. The testatrix was survived by one son, Sturgis L. Hedrick, one of the respondents herein. On both the dates of the execution of the will of the deceased and the date of her death, her .son, iSturgis L. Hedrick, was married to the petitioner herein, Helen L. Hedrick, who was his fifth wife. Subsequent to the death of the decedent, the petitioner obtained a divorce from Sturgis L. Hedrick. Sturgis L. Hedrick there *767 after remarried his first wife, Olga W. Hedrick, and they are presently living together as husband and wife.
Paragraph fifth of the last will and testament of the decedent states: "“My Trustees are authorized and empowered, in the discretion of the Trustee other than my said son from time to time acting hereunder, to withdraw and pay over to or to apply for the benefit of my said son, during his lifetime, such part or parts of the principal of such trust fund as said Trustee other than my said son shall deem necessary or advisable for the maintenance, support or comfort of my said son and of his wife and any of his issue ’ ’.
Petitioner makes application to this court for a construction of the aforesaid paragraph, maintaining that the petitioner is entitled to the benefits of the trust provision inasmuch as she was the wife of Sturgis L. Hedrick at the date of death of the testatrix. The issue therefore is whether the term “wife ” as used by the testatrix in her last will and testament refers only to the son’s wife on the date of execution of the will or to the son’s present wife.
Every will must be construed on the basis of its individual language in order to effectuate the intent of the testator. It is fundamental that in a judicial construction of a will the court search for the intention of the testator. (Matter of Kosek, 31 N y 2d 475.) “ This intent, as we have often said, must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed. ’ ’ (Matter of Fabbri, 2 N Y 2d 236, 240.)
An examination of the language used by the testatrix in the instant matter indicates that she intended “ wife ” in paragraph fifth to refer to the person who is married to her son, Sturgis L. Hedrick, when the trustee, other than her son, deems it necessary to invade the principal of the trust “ for the maintenance, support or comfort of my said son and of his wife ”.
The intent of the testatrix was to provide for the maintenance and support primarily of her son and his children. This intent was to benefit the “ wife ” solely as a member of the son’s family at the time that the trustees deemed it necessary to invade the principal and not to benefit the particular individual married to the son when the will was executed or when the testatrix died. The authorities cited by petitioner are distinguishable from the instant matter in that those cases concerned the intent of the testator to make an actual gift to a “ wife ”. The courts held that, where a gift is made to a “ wife ”, the “ wife ” means the *768 particular wife existing at the time of the execution of the will. Another distinction is that the cited decisions concerned the possibility of a violation of the rule against perpetuities. (Van Brundt v. Van Brundt, 111 N. Y. 178; Davis v. Kerr, 3 App. Div. 322; Matter of Friend, 168 Misc. 607, affd. 257 App. Div. 924, mod. on other grounds 283 N. Y. 200; Matter of Fitzgerald, 178 Misc. 15, affd. 265 App. Div. 809; and Matter of Schluechterer, 90 N. Y. S. 2d 867.) The court, in deciding those cases, adhered to the general principle that where a will is susceptible to two interpretations, one of which would render it valid and the other invalid, the assumption is that a valid disposition was intended. Application of this principle resulted in the interpretation that the “wife ” intended in those particular cases meant the wife which existed at the time that the will was executed.
It is the opinion of this court that it was the intent of the testatrix to provide for her son and her son’s family as it may change from time to time, Avhich could include additional children as well as separate and different Avives and not the particular individual married to the son when the Avill was executed or when testatrix died. The petition for the construction of the Avill as requested by Helen L. Hedrick is hereby denied.