## Hannah E. Swallow

*v.*

## Clarissa Swallow and others.

A testator devised to his two sons, William and Enoch, in fee, in equal shares, all his lands &c., but if either of them died without leaving lawful issue, the widow of such decedent should, so long as she remained such widow, receive one-third of the rents of the real estate devised to such decedent, and after her decease that real estate should be equally divided among all the testator's children then living. Enoch died after the testator, leaving a widow, but no lawful issue. By a voluntary partition between William and Enoch, certain lands were set off to Enoch as his share, and these lands Enoch afterwards conveyed to his wife, the complainant. On a bill by her against all of Enoch's brothers and sisters for an account of one-third of the rents and profits of the lands so set off to Enoch,—*Held,*

(1) That Enoch's conveyance to the complainant is no bar to her account, because Enoch's estate therein, and of course complainant's, was determined by his death without lawful issue.

(2) That complainant is not entitled to an account of the rents and profits against those of Enoch's brothers and sisters who have not been in possession of the premises nor received any part of the rents.

(3) That a receiver will not be appointed, since the complainant may obtain possession of her portion of the premises and manage it for herself.

Bill for an account &c.   On final hearing on pleadings and proofs.

*Mr. J. A. Bullock*, for complainant.

*Mr. H. A. Fluck*, for answering defendant.

THE CHANCELLOR.

Nicholas Swallow by his will devised to his two sons, William and Enoch, in fee, in equal shares, all his lands, tenements, hereditaments and real estate, with a specified exception, subject to certain charges.   He also ordered that if either of them should die without leaving lawful issue, the widow of the decedent should, so long as she remain such widow, receive one-third of the rents of the real estate devised to the decedent; and he also directed that after her decease, that real estate should be equally divided among all his (the testator's) children then living.   Enoch died June 4th, 1868, after the testator's death, leaving no issue, but leaving a widow.   She was not his wife when the will was made, but became his wife, however, before the testator's death.   The bill is filed by her against the brothers and sisters of Enoch, and the husbands of those of the latter who are married, for an account and payment of one-third of the rents and profits since April 1st, 1874, of the part of the real estate so devised to William and Enoch, which, by a voluntary partition between them and mutual releases, was set off to the latter.

The answer of Clarissa Swallow (who is the only defend-ant who has answered) raises a question of construction of the will, as to whether the complainant is entitled to the benefit of the provision for the widows of the testator's sons, seeing that she was not the wife of Enoch when the will was made.   It also sets up a conveyance by deed, made by Enoch to another person, for the property released to him, and a conveyance of the property by his grantee to the complainant.   It also alleges that Clarissa Swallow has not

been in possession of the property during the period in respect to which the account is claimed, and that she is, therefore, not liable to account to the complainant in respect to the rents and profits.

The question of construction was adjudicated upon in favor of the complainant, in *Swallow* v. *Swallow's adm'r, 12 C. E. Gr. 278.* It may be added to what was said there, that it is noteworthy that the provision is not for the widow of Enoch alone, but for the widow of either of the sons.

Obviously, the conveyance set up in the answer can have no effect upon the complainant's claim. Her husband's estate in the property was a fee defeasible on his dying without leaving lawful issue, and he having died without leaving lawful issue, on his death the estate conveyed to her was determined.

It is insisted by the complainant's counsel that the question of the liability of the defendants was also passed upon in *Swallow* v. *Swallow's adm'r,* favorably to the complainant, and adversely to the defendants in this suit. That cause came before me on a rehearing of a decree advised by the vice-chancellor. His conclusion as to the persons who were liable to pay the rent to the complainant for the time she had been out of possession, was approved, and it was held that she, being out of possession, was entitled to the third of the rents at the hands of those who had held the possession actually or constructively as against her, and that under these circumstances all of them were chargeable. The testimony warranted the conclusion that the persons against whom the decree was made were either actually in possession, or, if not, were represented in the possession by those who were actually in possession. Indeed, it appears by the testimony in this case that the possession in question in that suit was by concert between those in actual possession and the other children of the testator.

But the question now presented is, whether one who has not been in possession, either actually or constructively, and who has in no way kept the complainant out of possession,

nor received any part of the rents or profits, is chargeable with the complainant's share of the rents which were or might have been obtained from the premises. It appears from the testimony that the answering defendant has not been in possession, and has exercised no control over the property, and that she has not received any of the rents or profits during the period for which the account is claimed.

The title to the land devised to Enoch passed in fee, on his death, to his brother and sisters. Their estate, however, is a contingent one; it is defeasible by their death in the life-time of the complainant. They are not bound to till or rent the property for the benefit of the complainant, any more than she is bound to till or rent it for them. If they or any of them go into possession of the property, she is entitled to receive from the possessor or possessors one-third of the rental value. If they rent it, she is entitled to one-third of the rents. She has a life-estate in one-third of the property; for the devise of one-third of the rent is, in the absence of any expression of a different intention, tantamount to a devise of one-third of the land. *Diament* v. *Lore, 2 Vr. 220; Reed* v. *Reed, 9 Mass. 372.* She is entitled to an account as against those of the defendants who have been in possession of the property since April 1st, 1874, but not as against any others of them.

It was suggested on the hearing that the court would appoint a receiver to manage the property. The case is not one in which the court will appoint a receiver. The complainant may obtain possession of her just share of the property, and manage it for herself. Of the defendants, William Swallow and Joseph Hampton and his wife are the only ones who can be required to account. William Swallow appears to have had possession for 1874, and the Hamptons for the two following years. There is no evidence that they took possession by concert with any of the other defendants. Joseph Bond had possession for 1877, but he is not a party to the bill, and it does not appear by whose authority he went into possession. From the evi-

dence, $150 a year would be reasonable rent for the property while possession was held by William Swallow and the Hamptons. The bill will be dismissed with costs as to Clarissa Swallow, and as to the other defendants, except William Swallow and the Hamptons, it will be dismissed without costs.