Complainant, Montclair Trust Company, entered into a trust agreement dated January 27th, 1925, with Thomas B. Reynolds and Emma S. Reynolds (husband and wife), whereby Thomas B. Reynolds and Emma S. Reynolds conveyed to the Montclair Trust Company their interest in property in the City of Dayton, Ohio, the rentals therefrom to be held and distributed in accordance with the terms and conditions of said trust agreement. The agreement provides as follows:
"I. To receive and pay over the said rentals as and when the same may be received, to said Emma S. Reynolds during her life and upon the death of said Emma S. Reynolds to receive and pay over said rentals as and when the same may be received to said Thomas B. Reynolds during his life, if he survive said Emma S. Reynolds.
"II. Upon the death of said Thomas B. Reynolds or said Emma S. Reynolds, whichever may be the survivor, to pay over said rentals to John Russell Reynolds (son of said Thomas B. Reynolds and said Emma S. Reynolds) during his life in equal monthly instalments and not otherwise.
"III. Should the said John Russell Reynolds not survive the said Thomas B. Reynolds and Emma S. Reynolds or upon his death in the event he should survive them, then the said rentals are to be paid over in equal monthly instalments to the widow of John Russell Reynolds, if any, as long as she be his widow, and to any child or children the said John Russell Reynolds may leave him surviving, one-half to said widow and one-half to said child or children; or in the event there should be living at the time of the death of said John Russell Reynolds issue of any deceased child of his, or in the event any such child of his so living at the time of his death should die leaving a child or children, then the issue of such deceased child of said John Russell Reynolds shall take the proportion of his or her parent perstirpes and not per capita.
"Should the widow of said John Russell Reynolds take as above provided, then upon her death or upon her remarriage her share shall pass to the surviving children, and to the children of any deceased child, of said John Russell Reynolds per stirpes and not per capita." *Page 278 
At the time of the creation of the trust John Russell Reynolds referred to in the agreement was married to Empsie F. Reynolds who subsequently divorced him and thereafter married Watkins H. Wood. She is still living and known as Empsie F. Wood. Two children were born to the said John Russell Reynolds and Empsie F. Reynolds during their marriage, namely: John R. Renyolds, Jr., and Dallas C. Reynolds, both of whom are now of full age. After John Russell Reynolds and Empsie F. Reynolds were divorced, he married one Lillian K. Reynolds. One child was born of that marriage, namely: Kathleen C. Reynolds, who is an infant of the age of ten years.
Thomas B. Reynolds died on October 7th, 1932, and his wife, Emma S. Reynolds, died on May 10th, 1946. Their son, John Russell Reynolds, died on July 31st, 1944, leaving his widow, Lillian K. Reynolds, and three children, John R. Reynolds, Jr., Dallas C. Reynolds and Kathleen C. Reynolds, him surviving, all of whom are still living.
The bill is brought for instruction as to whether the said Lillian K. Reynolds, as widow of John Russell Reynolds, is entitled to now receive one-half of said rents pursuant to the provisions of paragraph III of said trust agreement or whether the whole of said rents should now be paid to the children of John Russell Reynolds, deceased.
Also paragraph XIV of said agreement provides: "Reasonable charges for its services shall be deducted from said payments by the said trustee before paying over the same." During the lifetime of Emma S. Reynolds complainant by agreement made with her at the time of the creation of the trust credited rent checks semi-annually to the account of Emma S. Reynolds and made no charge for this service. Here, instruction is sought whether the trustee is now entitled to reasonable compensation and what that compensation shall be.
There is here no difficulty presented concerning the one-half of the income payable to the children or grandchildren of the son, John, from the time of his death until the termination of the trust. The problem lies in the interpretation of the provision for the payment of the other one-half to the "widow" of the son, John Russell Reynolds, under article III. *Page 279 
Under the trust agreement, the payment of income was to be made to the widow, if any. The word "widow" is defined to be "A woman who has lost her husband by death and remains unmarried." Funkand Wagnalls' New Standard Dictionary; Bouvier's Law Dictionary.
The word "widow," "the meaning of which is familiar, well fixed, and certain, and which popularly and legally means a woman who has lost her husband by death and has not taken another; the surviving lawful wife of a decedent." 68 C.J. 263.
"The use of the word `widow,' * * * involves no fact in existence at the date of the will, and no fact which necessarily will ever come into existence. Therefore a devise to the widow of a man who is married at the time the will is made is not limited to the wife then living, but belongs to the one who eventually becomes his widow as the result of the death of the wife and re-marriage of the man." 28 R.C.L. 254; Meeker v. Draffen
(Court of Appeals), 201 N.Y. 205; 94 N.E. Rep. 626. And, see,33 L.R.A. (N.S.) 816 and note.
Chancellor Runyon where the testamentary direction was that if either of testator's sons should die without leaving lawful issue, the widow of the decedent should receive one-third of the rents of the real estate devised to him by the will, held:
"She" (complainant), "however, was not the wife of Enoch at the time of the making of the will, or at the testator's death. At both of these dates, Enoch's first wife was living. The defendants insist that the complainant is not entitled to the provisions made for Enoch's widow by the section of the will above stated. I am of opinion that she is. The testator having given to his sons real estate in fee, directs that in case of the death of either of them without leaving lawful issue, the widow of the decedent shall have one third of the rents of the real estate devised to him * * *. It could not, of course, be ascertained until the death should have occurred, who would answer the description — who would be the widow. The provision is not declared to be in favor of any person living at the date of the will; nor is the language employed, to be so construed. The gift is not to the wife of the decedent, *Page 280 
but to his widow, the person who should be his wife at the time of his death." Swallow v. Swallow's Administrator, 27 N.J. Eq. 278; 31 N.J. Eq. 390.
Empsie F. Reynolds (now Empsie F. Wood), the first wife of John Russell Reynolds, during his lifetime divorced him. Divorce puts an end to the marriage relationship and a divorced wife is not a widow in contemplation of law. New Jersey Title, c., Co. v.Perry, 115 N.J. Eq. 8; 170 Atl. Rep. 34.
The rule in this State is that the intention of the donor shall govern and when that intention is ascertained, it will prevail, if not in violation of the rules of law, over technical rules and words in their technical or even ordinary meaning, but when the terms of the will are clear and unambiguous and the words used are not technical and have a common and ordinarily accepted meaning, the court will not say that the testator meant something different from what he said, unless his contrary intent is clearly manifest.
Here the trust provides that upon the death of the son John in the event he should survive the donors, then the said rentals are to be paid over in equal monthly installments "to the widow of John Russell Reynolds, if any, as long as she be his widow * * *." The language thus used is clear and unambiguous. If the settlors of the trust had in mind Empsie F. Reynolds (now Wood) they could have said so. It seems clear to me that the person the donors intended to provide for was the widow, if any there be, at the time of the death of John Russell Reynolds, and not his wife in being at the time of the creation of the trust deed.
It is concluded that Lillian K. Reynolds is entitled to one-half of the income in question.
As to the commissions payable to the trustee. R.S. 3:10-30
provides: The court shall allow to any such non-testamentary trustee, upon the settlement of his account, such fees or commissions as may have been agreed upon by the instrument creating such trust; and in the absence of any express provision concerning fees and commissions, shall make such allowances therefor as would be payable to any other fiduciary for the same or similar services. R.S. 3:11-2 *Page 281 
fixes the commissions on the settlement of the account of trustees at 5% on income that comes into their hands.
Complainant is advised that it is entitled to deduct commissions at the rate of 5% on rental payments as and when the same are received by it.