Charles Lambíase, J.
This is an application brought on by show cause directing the Central Trust Company above named to show cause ‘1 why an order should not be made directing said Central Trust Company as Trustee to pay to the petitioner herein the share of a trust fund and accrued income thereof held for Milo F. Newton, deceased under the terms of a Trust Investment executed by Ness, Inc. December 31, 1952 and amended at various times thereafter, and by [sic] the petitioner should not have such other further relief in the premises as to the court may seem just ” (order to show cause).
A copy of said trust agreement has been made available to and is before us. The facts are not in dispute.
It appears that on or about the thirty-first day of December, 1952 Ness, Inc., executed and delivered to the Central Trust Company of Rochester, New York as trustee, a certain document identified as “ Ness, Inc. Profit Sharing Plan and Trust ” that said trust was thereafter amended at various times, the last such amendment setting forth the entire trust agreement and being dated February 15,1957; that ever since on or about the thirty- *700 first day of December, 1952 said Central Trust Company has been and is now acting as trustee under said trust; and that pursuant to the terms of said trust and by virtue of his employment by Ness, Inc., one, Milo F. Newton, became and was at the time of his death a “ participating employee ” under said trust and, as such, a trust beneficiary thereof; that by section 5 (subd. 5.06) entitled ‘ ‘ designation of beneficiaries ” it is provided that: “ Each participating employee shall have the right to designate and thereafter at any time to change his designation of beneficiaries who upon his death shall be entitled to receive benefits hereinafter provided. Neither the Company nor the Trust shall be named as a beneficiary. The method of and the forms for designating beneficiaries shall be established by the Advisory Committee. Upon the instructions of the participating employee the Trustee upon directions from Advisory Committee shall make effective the participating employee’s designation for change of beneficiary or beneficiaries on the records maintained by it”; and that pursuant to the terms of said trust (§ 5, subd. 5.06) said Milo F. Newton on June 5, 1954 did execute an enrollment and beneficiary card thereby designating his beneficiary in case of death, said designation being written, and in pertinent part provides as follows:
“Beneficiary or Beneficiaries in ease of death.
Death Benefits to be Paid to (Example: Mary A. Doe, not Mrs. John J. Doe)

Petitioner is said Helen N. Newton, except that by divorce decree granted by the Supreme Court, Monroe County, New York, dated October 14, 1955, entered in Monroe County Clerk’s office October 17, 1955, petitioner’s marriage to said Milo F. Newton was terminated, and petitioner thereafter married one, William Clark. Milo F. Newton died on the twelfth day of February, 1960. The Central Trust Company, as trustee, still holds trust funds in the account of Milo F. Newton in the sum of $1,547.50 as principal and accrued interest as of December 1, 1962 in the sum of $335.88.
In and by the terms of said trust agreement (§ 7, subd. 7.04) it is provided that: ‘ ‘ Where a participating employee dies then the money allocated to his account as of the last preceding anniversary date shall be fully vested and the distribution will be on the same basis as hereinbefore provided in section 7.02 to the beneficiary or beneficiaries or to the executor or administrator of said employee’s estate.” The trustee has refused to pay over *701 to petitioner the funds held as the share of said Milo F. Newton, deceased, under said trust on the grounds that a similar claim has been made for said share by one, Dolores Frank, the administratrix of the estate of Milo F. Newton, deceased.
This application poses only one question, to wit: Is petitioner entitled to the principal and accrued income of the trust notwithstanding the subsequent divorce? Petitioner maintains that the answer should be yes; respondent urges that the answer should be no.
Petitioner’s position is that the word “ wife ” following her name on the paper designating the beneficiary is merely descriptive ; that the designation was made of her by name, Helen N. Newton, not by class as a spouse; and that, therefore, the designation survived the divorce. The administratrix argues to the contrary alleging that a determination in favor of the divorced or remarried petitioner would be wholly unrealistic and productive of an unfortunate legal precedent.
We are satisfied that petitioner’s position is sound legally. In Meeker v. Draffen (201 N. Y. 205, 209) it is stated that: “ the cases tend to establish the rule laid down by the Appellate Division (137 App. Div. 537, 539) as follows: ‘ Unless there be something in a will indicating the contrary, a gift to the “ wife ” of a designated married man is a gift to the wife existing at the time of the making of the will and not to one whom he may subsequently marry. [Citing cases.] A gift to the “ widow” of a designated person, however, has a broader application and includes such wife as may survive him. [Citing cases].” Continuing the court says: “ Ordinarily the use of the word ‘ wife ’ in a will means the person who, at the date thereof, is the wife of the man named. An existing fact is referred to, for the relation has already been created, and as only one person sustained that relation she is pointed out as well as if designated by name. The use of the word ‘ widow, ’ however, involves no fact in existence at the date of the will and no fact which necessarily will ever come into existence. The relation of widow had not then been created and might never be created, for the man might never leave a widow. Hence the person meant could not be known until further event pointed her out. ’ ’ Again, in Matter of Courvoiser (55 N. Y. S. 2d 277, 278) the following appears: “ The fact that the marriage relationship between the testatrix and her husband was severed by the judgment in his favor annulling the marriage has no effect upon the provisions made for him in the propounded instrument. The gift here is not simply as husband but also by name. The words ‘ my husband ’ *702 are merely descriptive and import no continuing condition that he should remain the testatrix’ husband at the time of her death in order to take under her will.”
It is true that the cited cases and several others which have been called to the attention of the court to the same effect have to do with testamentary provisions. We nevertheless feel that the interpretation made in such cases is applicable by analogy to the instant case.
The prayer of the petitioner must be and hereby is in all respects granted, without costs, and the Central Trust Company, as trustee, is directed to pay to the petitioner herein the trust fund share and income thereof held for Milo F. Newton, deceased.