HENRY H. MAN, as Trustee under the Will of MARY E. MAN, Deceased, Respondent, *v.* ROBERT I. MAN and Others, Appellants, Impleaded with VERA MARCELLA MAN and Others, Defendants.

Second Department, May 6, 1921.

**Will — construction — bequest to individual by name and not simply as wife or widow.**

A testatrix devised a portion of her estate in trust, the income to be applied to a son and " his present wife," naming her, during their joint lives, and upon his death " if his said wife shall survive him " provided for the disposition of the principal, and further provided as to another portion of the trust estate remaining at the death of said son, that it should continue to be held in trust " during the life of the widow " of the son and the income applied to her use. In case of the expiration of the trust in favor of the son otherwise than by his death, the trustees were directed to pay the principal to him.

Provisions of the will construed, and *held,* that the wife of the son mentioned therein is entitled to take under said will although after the death of the testatrix she procured a decree of divorce and remarried.

The words " present wife " are significant and emphasize the point that she was the particular person. The subsequent words, " if his said wife shall survive him " and " during the life of the widow " of said son, are descriptive of the person and not of the character in which she was to take.

The bequest was to the individual named and not to her simply as wife or widow.

APPEAL by the defendants, Robert I. Man and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 15th day of January, 1921, on the decision of the court rendered after a trial at the Nassau Special Term.

*Grenville T. Emmet* and *George W. Martin* for the appellants Albon P. Man, Jr., and another.

*George C. Wildermuth,* guardian ad litem, for defendants Vera Marcella Man and another.

*Otho S. Bowling* [*Robert H. Elder* with him on the brief], for the respondent.

Interlocutory judgment affirmed on opinion of Mr. Justice SQUIERS at Special Term, with costs of the appeal to those appearing and filing briefs, payable out of the estate.

BLACKMAR, P. J., MILLS, RICH, PUTNAM and JAYCOX, JJ., concur.

The following is the opinion delivered at Special Term:

SQUIERS, J.:

The plaintiff brings this action to construe the 3d clause of the will of Mary E. Man, which reads as follows:

" As to all the rest, residue and remainder of my property, real and personal, I direct my executors to divide the same into as many shares as will make one for each son of my late husband, Albon P. Man, who shall be living at my death, one for the widow and issue collectively of each son of his who may have died in my lifetime, and one for the widow, if any of each said son who may have died in my lifetime, leaving no issue who shall survive me; and as to one of the said shares, I give, devise and bequeath one third thereof absolutely to Albon P. Man, son of my late husband, if he shall surivive me, and I give, devise and bequeath the remaining two thirds thereof to William Man, Frederick H. Man and Henry H. Man, in trust to invest the same and keep the same invested, and to apply the net income thereof semi-annually or at other convenient periods, to the use of said Albon P. Man, during the joint lives of said Albon P. Man and his present wife, Marcella Man, and upon his death, if his said wife shall survive him, to divide two thirds of the principal remaining on hand into as many shares as he shall leave children, him surviving, and to apply the net income of each share allotted to any child of said Albon P. Man who may have been born during my lifetime, to the use of such child until such child shall attain the age of twenty one years, and thereupon to pay over such share to such child, and as to any share allotted to a child of said Albon P. Man born after my death, such share shall belong to such child; and as to the other one third of the trust estate remaining at such death of the said Albon P. Man, it shall continue to be held in trust by the same trustees during the life of the widow of said Albon P. Man, and kept

invested and the income applied to her use, and after her death, the principal shall go to the same persons and in the same shares who would take it by the laws of the State of New York if it were the property of said Albon P. Man then dying intestate. But in case of the expiration of the trust in favor of said Albon P. Man otherwise than by his death, then immediately upon such expiration the said trustees shall pay the principal of said trust fund to said Albon P. Man, to whom in that event I give the same absolutely."

Mary E. Man died on March 31, 1904. At the time of her death both Albon P. Man and Marcella Man were living. The testatrix, as disclosed by the evidence in the case, was cognizant of the fact that the married life of her son Albon P. and his wife was unhappy, and this unhappiness had been a condition for some years prior to the testatrix's death. Nevertheless the testatrix kept in touch with her daughter-in-law, Marcella, and made no change in her will. In 1905 Marcella, as testified by her, obtained in the courts of Minnesota, where she then resided, a decree of divorce against Albon P. Man. This decree was not offered in evidence, and it is not necessary for the court in this action to pass upon the question as to the validity of the decree. Subsequently, and in February, 1906, Marcella married one Alfred E. Clark, at the city of Richmond, Va.

In construing the clause of the will in question, it must be considered from the testatrix's standpoint at the time she executed it. It is clear that the testatrix had fully in mind those who had claims upon her, and had clearly in mind the relationship of the various beneficiaries to her. Furthermore, in construing the clause the court may and has taken into consideration the circumstances and conditions existing at the time of the execution of the will as disclosed by the testimony. After careful consideration the court is of the opinion that the testatrix intended that Marcella Man, should she survive Albon P. Man, should have the use of one-third of the trust estate remaining at the death of Albon P. Man, as provided in the 3d clause of the will. The words of the clause clearly indicate that Marcella was the particular person which the testatrix had in mind as the beneficiary under this clause of the will: the words " present wife " are significant and

emphasize the point that Marcella Man was the particular person. The later words in the clause " if his said wife shall survive him " and " during the life of the widow of said Albon P. Man " are descriptive of the person and not of the character in which she was to take. The relationship could not have been the sole motive of the provision, as the bequest was to the individual Marcella Man by name, and not to her simply as wife or widow. The instant case is even stronger than the case of *Davis* v. *Kerr* (3 App. Div. 323), cited by the attorney for Marcella Man. Paraphrasing the language of Mr. Justice WILLARD BARTLETT, at page 325: " Taking the whole trust clause together, it seems to me clear that whether she spoke of the wife or the widow of her son she meant Marcella Man, who was his wife at the time the will was made." In this quotation the court has simply substituted the name of Marcella Man for Zelia B. Sinclair.

If Marcella Man had predeceased Albon P. Man the trust created by this clause would have terminated and Albon P. Man would have taken the property absolutely. Therefore, no other " widow " than Marcella Man could have been intended.

This is supported also by the last sentence of the 3d clause of the will, which reads as follows: " But in case of the expiration of the trust in favor of said Albon P. Man otherwise than by his death, then immediately upon such expiration the said trustees shall pay the principal of said trust fund to said Albon P. Man, to whom in that event I give the same absolutely."

The court, therefore, sustains the claim of Marcella Man under the 3d clause of the will of Mary E. Man.

The plaintiff, Henry H. Man, desires to be relieved of his trust. The court holds that this relief should be given upon the passing of his accounts. The court, therefore, will provide in the decree for the appointment of a referee to take and state the account of the plaintiff trustee and his former cotrustee, and will make provision for the appointment of a substituted trustee in the final judgment. Mr. Almeth W. Hoff, attorney at law, at No. 34 Nassau street, New York city, will be appointed referee to take and state the accounts of the trustee.