In the Matter of the Estate of HENRY TUCK, Deceased.

Surrogate's Court, New York County, October 6, 1937.

*White & Case,* for the petitioner, the New York Trust Company.

*Meighan & Necarsulmer,* for Carlton W. F. Tuck, grandson.

*Coyne & Armbruster,* for the petitioner, Elenore B. Tuck, as trustee.

*Chrystie & Chrystie,* for James Harper Skillin, individually and as executor, etc., of Rosamond Tuck Skillin, deceased.

*John B. Doyle,* for Henry W. Tuck, individually, and Mathilde Marie Tuck, individually and as executrix, etc., of Shirley R. Tuck, deceased.

*William B. Parsons,* special guardian for Ann Tuck.

*De Forest, Cullom & Elder,* for the Charity Organization Society of the City of New York.

*Jackson, Fuller, Nash & Brophy,* for Nellie Tuck, widow of Shirley R. Tuck, deceased.

FOLEY, S. In accordance with the request of counsel for the various parties, a preliminary determination is now made of a question of construction in this trustees' accounting.

The testator died on September 2, 1904, a resident of New York county. His will was executed on May 28, 1903, and the codicil on January 11, 1904.

The seventh paragraph of the will creates a trust of the entire residuary estate and directs that two-fifths of the income be paid to the widow for life and that one-fifth of the income be paid to each of the testator's children Shirley, Henry and Rosamond. This paragraph then provides: " In case Nellie, wife of my son Shirley R. survives him, his fifth share of the income of my estate is to be paid her as long as she remains unmarried."

This language remained unaffected by the codicil.

Subsequent to the testator's death, Nellie and the son Shirley were divorced. Shirley married again and died on May 24, 1932, leaving no issue. Nellie and the second wife, Mathilde, are both living and are parties to this proceeding. Neither Nellie nor Mathilde, Shirley's second wife, have remarried.

Since Shirley's death in 1932 the trustees have paid one-fifth of the income of the residuary trust to his former wife, Nellie.

These payments are objected to by the second wife. She contends that as Shirley's widow the one-fifth of the income should have been paid to her from the time of his death and should be paid to her until her death or remarriage. She contends further that if the share of income is not payable to her under the terms of the will, in no event is it payable to the former wife, Nellie, but passes under the ninth paragraph of the will to the testator's surviving child and the estates of his deceased children.

The basis of the contention of the second wife is that the gift of the income under the above-quoted language in the seventh paragraph of the will was a gift limited to a person who held a valid marital status with Shirley at the date of his death and was not a personal gift to the individual who was Shirley's wife at the time of the execution of the will. This argument has no foundation in reason or in the authorities and cannot be sustained.

The general rule in this State is that a gift to a " wife " of a man is a gift to his wife at the time of the execution of the will while a gift to the " widow " of a man is a gift to the lawful widow who may survive him. (*Williams* v. *Alt*, 226 N. Y. 283; *Meeker* v. *Draffen*, 201 id. 205; *Van Brunt* v. *Van Brunt*, 111 id. 178; *Matter of McCreery*, N. Y. L. J. May 20, 1933, p. 3055.) This rule is applied unless a contrary intent is disclosed in the will.

There is a further rule in this State and in other jurisdictions involving this class of gift. Where the gift is to a specifically named " wife " or " widow " of a designated individual the gift is a personal one to the named beneficiary and the terms " wife " or " widow " are deemed to be merely descriptive. In other words, the term of description may not be distorted into a condition limiting the gift.

In *Man* v. *Man* (197 App. Div. 547), where the beneficiary was specifically named in the will as Marcella Man, the " present wife " of the stepson of the testatrix, the court held, in affirming upon the opinion of the justice below, that the clauses " if said wife shall survive him " and " during the life of the widow " were descriptive of the person of the beneficiary and not of the character in which she was to take. In that case the person who was named as *cestui* divorced him subsequent to the death of the testatrix and then remarried. She was, nevertheless, held to be entitled to the gift of income after his death.

The courts of Pennsylvania and New Jersey have adopted a similar rule where the gift to the husband or wife is by name. (*Matter of Jones*, 211 Penn. St. 364; 60 A. 915; *Mellon's Estate*, 28 W. N. C. [Pa.] 120; *Sharpe's Estate*, 15 id. 419; *Bullock* v. *Zilley*, 1 N. J. Eq. 489.)

A search of the English authorities has revealed a case decided on facts almost identical with those presented here. In that case (*Knox* v. *Wells*, 48 L. T. Rep. 655, analyzed in 2 Jarman on Wills [7th ed.], p. 1224) the testator died in 1853 leaving a will executed the same year. The will made a gift of an annuity of £150 payable out of the income of a trust to his son George and his wife Eliza jointly. The will then provided that if George should die " leaving Eliza his wife him surviving " she was to receive fifty pounds a year. George and Eliza were divorced subsequent to the testator's death. Eliza survived George and remained unmarried. In holding that the son's wife Eliza was entitled to the continued payments of the specified income, the vice-chancellor stated, " I cannot agree with the suggestion which has been put forward, that the words in the will in question, ' so long as she continues unmarried ' are equivalent * * * to ' during widowhood.' By the will there is a distinct gift of an annuity to a person who is most clearly described by name and position."

Counsel for the second wife here attempts to insert in the will by implication a clause which would have read in respect of the son's first wife " provided she shall remain his lawful wife to the time of his death." The testator laid down no such condition either expressly or by implication. Whether or not he would have changed

his will if the divorce had occurred in his lifetime is the sheerest speculation. It cannot affect his written words in the slightest degree.

I hold, therefore, that Nellie Tuck is entitled to receive one-fifth of the income of the trust as long as she remains unmarried. The gift was to her *nominatim* on condition that she survive Shirley and remain unmarried. These conditions have occurred. Her right to the income is absolute.

The objections to the account relating to the past and future payments to Nellie Tuck are overruled. The determination of construction made herein may be included in the final decree.

The remaining questions of construction have already been set for hearing.

Proceed accordingly.