■ In the Matter of the Accounting of BERNARD E. POLLAK and Another, as Trustees under the Will of EDYTH G. HEWES, Deceased. RICHARD WOLFGANG, Appellant; EDYTH N. GROSS et al., Respondents.— Order entered January 16, 1967 denying motion of respondent-appellant for an order dismissing the answer of respondents Edyth Noel Gross and Iris Cornelia Love, and the objections therein contained, unanimously reversed, on the law, and it is ordered that the answer of respondents Gross and Love, and the objections contained therein be dismissed, and that letters of trusteeship be issued to appellant Richard Wolfgang to act as cotrustee with Morgan Guaranty Trust Company of New York, with $50 costs and disbursements on the appeal payable from the estate to all parties filing briefs. The designation of the successor trustee in the decedent's will as " Richard Wolfgang, husband of my grandchild " is descriptive only and not an expression of intent that appellant was to serve as a successor trustee only if he remained married to decedent's grandchild and was her husband at the time circumstances permitted the designation of a trustee. (*Matter of Tuck,* 165 Misc. 346, affd. 256 App. Div. 971, affd. 281 N. Y. 697; *Man* v. *Man,* 197 App. Div. 547; *Matter of Miller,* 171 App. Div. 229, affd. 219 N. Y. 572.) The objections of respondents Gross and Love are not within the purview of section 94 of the Surrogate's Court Act. Thus, the Surrogate was powerless to refuse the issuance of letters to appellant. (*Matter of Foss,* 282 App. Div. 509, 511.) In the latter case we noted " It has been uniformly held heretofore that the grounds for disqualification set forth in section 94 are exclusive, and that the Surrogate's power to refuse letters is limited by that statute. (*Matter of Flood,* 236 N. Y. 408; *Matter of Leland,* 219 N. Y. 387; *Matter of Latham,* 145 App. Div. 849)". Neither section 40 nor section 99 of the Surrogate's Court Act enlarges the grounds for refusal of letters specifically enumerated in section 94. Settle order on notice. Concur — Steuer, J. P., Capozzoli, Tilzer, McNally and McGivern, JJ.

■ DONNKENNY, INC. v. CHARMA MILLS, INC.— Motion granted to the extent only of staying the actual arbitration hearing, pending the determination of the appeal. The parties may participate in any proceedings preliminary to and preceding the arbitration hearing, including the selection of arbitrators and proceedings pursuant to CPLR 3102 (subd. [c]), provided the respondent stipulates that any such participation by petitioner shall not constitute a waiver of petitioner's rights herein nor be deemed to be a participation in such arbitration. This stay is granted on condition that the appellant serves the record on appeal and appellant's points on or before May 5, 1967, with notes of issue for the June 1967 Term of this court. Respondent's points are to be served and filed on or before May 20, 1967; reply points, if any, are to be served and filed on or before May 27, 1967. Concur — Stevens, J. P., Steuer, Tilzer, Rabin and McGivern, JJ.