Samuel J. Silverman, S.
In this executorial accounting proceeding all issues have been resolved by agreement of the parties except the issues relating to the so-called Spanish property — the decedent’s house in Spain and the contents thereof.
*1009 Decedent, Robert C. Ruark, and bis former wife, Virginia Ruark, were divorced. Virginia Ruark, survived decedent. She has since died and her estate is one of the parties to the present dispute. The other party is decedent’s fiancee at the time of his death, Marilyn Kaytor, now Mrs. Randel.
Before the divorce, decedent and his then wife, Virginia Ruark, entered into a separation agreement dated January 14, 1963. Paragraph eighth of that agreement obligated the husband to make a will containing provisions that if the wife survived the husband and did not remarry and the husband was unmarried at the time of his death (conditions which have in fact occurred), “ the Wife shall be entitled to one-half (%) of the Husband’s entire estate (but not including his manuscripts, library, letters and literary memorabilia),, outright and without any limitations or conditions attaching thereto, after payment of all debts, funeral and administration expenses, and taxes, if any.”
Simultaneously with that agreement, the parties entered into a letter-form agreement with respect to the Spanish property, under which the wife was to convey to the husband (decedent) a deed to the Spanish property under which the husband would become “ the sole and absolute owner ” of the property. Paragraph 2 of the agreement provides that in the event that the husband or his heirs, executors or administrators should sell or otherwise dispose of the Spanish property, the husband would pay to the wdfe a sum equal to 50% of the gross proceeds over and above the sum of $100,000, which sum (presumably the $100,000) the wife agreed that the husband might retain as his or his estate’s own property. There was a further provision that the wife’s rights under paragraph 2 are deemed to be an enlargement rather than a limitation upon her rights under paragraph eighth of the separation agreement. There is a further provision that if the husband dies before January 1,1966 (which, in fact, happened) then subject to a certain first refusal in the wife, the Spanish property should be sold by the husband’s estate as expeditiously as possible and for the best available price.
Thereafter, under date of May 6, 1965, decedent husband executed a will under which he left the Spanish property to his then fiancee, Marilyn Kaytor, and left one half of his residuary estate to his former wife, Virginia Ruark.
If the will is inconsistent with the separation agreement and the. letter-form agreement of January 14, 1963, then the contractual obligations of the agreements must govern.
1. There is no dispute that if the Spanish property realizes more than $100,000, the former wife, Virginia Ruark (actually *1010 her estate now), is entitled to one half of the excess pursuant to paragraph 2 of the letter-form agreement. This obligation is sufficiently closely related to the proceeds of that sale so that it may be deemed in the nature of an equitable lien payable out of those proceeds.
2. The chief dispute between the parties is whether, in calculating the former wife’s right to one half of the husband’s estate under paragraph eighth of the separation agreement, there shall be excluded the husband’s share of the proceeds of the sale of the Spanish property, or whether on the contrary those proceeds shall be included so that in essence the wife would get the benefit of one half of the husband’s share of the proceeds of the sale.
I hold that the former wife is entitled to that benefit and that the husband’s share of the proceeds of the sale of the Spanish property shall be included in the value of the estate for the purpose of calculating the former wife’s half of the husband’s estate under paragraph eighth of the separation agreement.
This seems to me to be in accordance with the literal language of the agreements.
It also, I think, fits the scheme of the agreements. If the property had been sold during the husband’s lifetime and he had received his share of the proceeds in cash, that cash would have augmented his estate and the wife would, it seems to me, clearly have been entitled to one half of the augmented estate. Nothing in the agreements indicates to me any intention of the parties to have a different result because the property was still unsold at the time of the husband’s death.
3. It follows that the will, in giving to the wife one half of only the residuary estate after a specific legacy of the Spanish property to Miss Kay tor, is inconsistent with the obligation under the separation agreement to leave to the wife one half of the entire estate, and the rights of the parties in the estate must be adjusted to give effect to the former wife’s rights under the separation agreement.
4. A technical question of marshalling of assets and legacies arises: As I have said, the wife’s right pursuant to paragraph 2 of the letter-form agreement to one half of the excess of the gross proceeds of sale over $100,000 is in the nature of an equitable lien on those proceeds, payable out of those proceeds. (See 1 above.)
With respect, however, to the wife’s right under paragraph eighth of the separation agreement to one half of the husband’s entire estate, (which I have held to include the Spanish property or its proceeds [see 2 above]), there is nothing in the agree *1011 ments that requires that that right be satisfied out of any specific property, and in particular there is nothing that requires that the wife’s right shall be satisfied out of the Spanish property. It would appear that this right to one half of the husband’s entire estate is in essence a right to money or other property equal in value to one half of the husband’s entire estate. It is a general obligation in the nature of a preferred general legacy, and the assets must be marshalled accordingly.
To the extent that, as I have held, the will does not leave to the wife an amount equal to one half of the husband’s entire estate as required by paragraph eighth of the separation agreement, the deficit must be made up out of the residuary estate (except the first half of the residuary which is bequeathed to the former wife), presumably in the following order: — ■ First, out of what might be called the residuary of the second half of the residuary which is left to Miss Kaytor under paragraph seventh-d of the will. If that be insufficient, then the pecuniary legacies bequeathed out of that half of the residuary estate in pargraph seventh-a must be abated proportionately. And if that still be insufficient then the preresiduary legacies (all of them specific) must be abated proportionately.
5. The provision of paragraph 2 of the letter-form agreement requiring an expeditious sale of the Spanish property for the best available price, subject to the former wife’s right of first refusal, is effective and must be enforced.