■ In the Matter of the Estate of Mary L. North, Deceased. Rita N. Pollak et al., Appellants; Frank J. Carr, Respondent.— Gibson, P. J. Appeal from an order of the Surrogate's Court of Broome County which granted respondent Carr's motion to dismiss the petition in a proceeding for the construction of a will, on the ground that the language of the will is clear and unambiguous and that construction is neither necessary nor proper. The testatrix executed her will on November 1, 1939. By paragraph "Fourth", she gave her residuary estate "to my sister Catherine Carr". By paragraph "Fifth", she provided that if her sister should predecease her, survived by a child or children, the residuary estate should pass "to Frank J. Carr (husband of said Catherine) in trust, nevertheless, for the benefit primarily of such child and/or children", the terms of said trust being thereinafter provided. By paragraph "Sixth", she directed that if her sister should predecease her, leaving no child or children, her residuary estate should be disposed of as follows: "One-half thereof to said Frank J. Carr; and One-half thereof to the children of my deceased brother Joseph E. North". It is conceded that on October 27, 1942, testatrix was committed to a hospital for the mentally ill and remained incompetent until her death on May 14, 1965; that Catherine Carr and Frank J. Carr were divorced on March 3, 1944; and that Catherine Carr predeceased the testatrix, leaving no child surviving. Petitioners seek a construction of the will that would exclude Frank J. Carr from sharing in the residuary estate, petitioners contending, among other things, that: "The gift to Frank Carr was a gift upon condition, namely that he remain the husband of decedent's sister. This he failed to do." The petitioners cite no precedent in support of their contention and, indeed, the authorities are directly to the contrary. We find precisely in point and dispositive of the issue the decision in Matter of Tuck (165 Misc. 346 [Foley, S.], affd. 256 App. Div. 971, affd. 281 N. Y. 697). The will in that case directed the payment of certain trust income to testator's wife and his three children, and then provided that (p. 347): "In case Nellie, wife of my son Shirley R. survives him, his fifth share of the income of my estate is to be paid her as long as she remains unmarried." Subsequent to testator's death Shirley and Nellie were divorced; Nellie survived Shirley and, not having remarried, was held entitled as against the claim of

Shirley's second wife that the gift was "limited to a person who held a valid marital status with Shirley at the date of his death and was not a personal gift to the individual who was Shirley's wife at the time of the execution of the will"; the Surrogate dismissing that contention with the statement: "This argument has no foundation in reason or in the authorities and cannot be sustained" and noting further that "Where the gift is to a specifically named 'wife' or 'widow' of a designated individual the gift is a personal one to the named beneficiary and the terms 'wife' or 'widow' are deemed to be merely descriptive. In other words, the term of description may not be distorted into a condition limiting the gift." (165 Misc. 346, 348; see, also, *Matter of Hewes*, 27 A D 2d 924; Hoffman, Revocation of Wills and Related Subjects, 32 Brooklyn L. Rev., 1, 15, 16 [1965].) That the Legislature modified this principle of decisional law, but only as between a testator and a former spouse, by the enactment of EPTL 5-1.4 (L. 1966, ch. 952, eff. Sept. 1, 1967) in no way aids appellants. Neither do we find any basis for their reliance upon certain dicta in the concurring opinion in *Matter of Hollister* (18 N Y 2d 281, 288) dealing with that section. Order affirmed, without costs. Gibson, P. J., Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum decision by Gibson, P. J.; Aulisi, J., not voting.