In the Matter of the Accounting of HAROLD MATSON et al., as Executors of ROBERT C. RUARK, JR., Deceased, Respondents. MARILYN K. RANDEL, Appellant; EXECUTORS OF VIRGINIA W. RUARK, Deceased, Respondents.—

Concur — Stevens, P. J., McGivern and Tilzer, JJ.; Eager and Capozzoli, JJ., dissent in the following memorandum by Eager, J.: I would modify the accounting decree in the husband's estate to limit the distribution to the estate of the deceased wife from the proceeds of sale of the "Spanish property" to 50% of that portion of the gross proceeds over and above the sum of $100,000. Certainly, the several agreements (the separation agreement, the letter-form agreement and the escrow agreement) are to be construed together to effectuate the intent of the parties. Doing so, it appears that the parties arrived at a "full property settlement" and that in connection therewith the wife received the sum of $100,000 and the husband received a deed of her interest in and to the Spanish property. It was agreed that "henceforth" such property became his "sole property" and he became the "sole and absolute owner" thereof subject only to certain well-defined rights of the wife. As provided in the letter-form agreement, it was agreed that in the event he should sell the property, he would pay to the wife "a sum equal to fifty per cent (50%) of the gross proceeds which I * * * shall derive * * * over and above the sum of one hundred thousand dollars ($100,000) which sum you hereby agree I, or my said heirs, executors and administrators, *may hereby retain as and for my or their own property.*" (Emphasis supplied.) Thus, there exists an express agreement by the wife, binding on

her estate, that the husband or his "heirs, executors and administrators" should retain the sum of $100,000 "as and for my or their own property." Accordingly, plainly, upon the sale of the Spanish property, the husband's heirs or executors (and, consequently, his devisee) are entitled to retain the first $100,000. Furthermore, if these provisions be not plain enough, there is a further provision, effective if the husband should die before January 1, 1966 (which he did). Thereby, it was provided (see letter-form agreement) "that if I shall die before that date, then subject to your aforesaid first refusal rights, which shall continue in effect, said Spanish property shall be sold by my estate as expeditiously as possible and for the best available price. In the event said Spanish property shall be sold piecemeal, then in arriving at the sum of One Hundred Thousand Dollars ($100,000.00), which I and my estate are entitled to retain, the respective proceeds from each portion sold shall be added together. Thus, for example only, if I shall sell the house and the land upon which it is situated for the sum of $75,000.00 and shall subsequently sell the adjacent lot for $50,000.00, it shall be deemed that the entire proceeds amounted to the sum of One Hundred Twenty-Five Thousand Dollars ($125,000.00), and you shall be entitled to one-half (½) ($12,500.00) from the aggregate sale price." This last quoted provision was made doubly plain by the example as given therein. Thus, if the gross sale proceeds received by the husband's estate for the sale of the property should amount to $125,000, then, clearly, the wife would be entitled only to $12,500. It was further provided that the right of the wife under the aforesaid provisions to 50% of the gross sale proceeds over the sum of $100,000 "shall be deemed to be an enlargement rather than a limitation" upon her rights under the separation agreement to receive half of the husband's entire estate. Thus, excluding the first $100,000 from the husband's estate as his "own property" belonging to his "heirs, executors and administrators", the payment to the wife of the 50% over the sum of $100,000 received on sale of the husband's "sole property" amounts to an "enlargement" of her otherwise specified rights. This is all the estate of the wife is entitled to with respect to the Spanish property. Particularly, this is so inasmuch as it was further provided in the letter-form agreement that, "In the event of any inconsistency between this agreement and said separation agreement, then the terms of this agreement shall prevail." The Surrogate's Court decree fails to give effect to the agreement of the parties. As a matter of fact, the provisions of that decree may result in an unrealistic and unfair distribution whereby (as conceded by the wife's estate), clearly contrary to the intent of the parties, such estate may receive more than one half of the total gross proceeds of sale. [64 Misc 2d 1008.]