■ In the Matter of the Arbitration between LENSOL FABRICS CO., Appellant, and ARCOLA FABRICS CORP., Respondent.— Order and judgment (one paper), Supreme Court, New York County, entered May 23, 1974, denying petitioner's application for a stay of arbitration, unanimously reversed, on the law, and the application granted, without costs or disbursements, to the extent of directing a preliminary hearing on the issue of the existence of a contract between the parties. In January, 1973, Lensol Fabrics Co. had purchased certain textile materials in China which were to be shipped to the United States. Payment for the goods was to be made in United States dollars. Due to the fluctuation in the value of currencies at that time, the exact cost of the shipment was unknown. In February, 1973, petitioner contacted a broker to "find a buyer for [the] goods", at a projected purchase price of 34 cents per yard. Arcola Fabrics Corp. was contacted by the broker as a prospective purchaser of these goods. The broker prepared a sales note which document concededly contained a tear-off strip to be signed by Arcola and Lensol and then returned to the broker. Arcola returned this strip and Lensol did not. The sales note contained an arbitration clause. After the delivery of the sales note, Lensol demanded a higher price due to devaluation of the dollar. Negotiations between Lensol and Arcola broke down and the goods were withdrawn from the market. Arcola then sent Lensol a notice of intention to arbitrate and Lensol took the position that no contract existed between the parties. The mere receipt by Lensol of a copy of the sales note and acceptance of the shipping orders sent

by the broker cannot be mechanically viewed as tantamount to acceptance of the contract by Lensol absent Lensol's affirmative act of returning the tear strip on the contract to the broker. Furthermore, it is unclear whether the purchase price, an essential contractual element, had been agreed upon by the parties. Another factual issue, as yet unresolved, is whether the broker was acting as the agent of Lensol. The existence of a contract between the parties is contingent upon a determination of these factual issues and, until their resolution, a stay of arbitration should have been granted (cf. *Matter of Astoria Med. Group* [*Health Ins. Plan of Greater N. Y.*], 11 N Y 2d 128, 132; *Matter of Terminal Auxiliar Maritima, S. A.* [*Winkler Credit Corp.*], 6 N Y 2d 294, 298). Concur — Nunez, J. P., Lupiano, Capozzoli, Lane and Yesawich, JJ.