■ In the Matter of the Arbitration between LENSOL FABRICS, Co., Appellant, and ARCOLA FABRICS CORP., Respondent.—Judgment, Supreme Court, New York County, entered July 17, 1975, dismissing the petition and

directing the parties to proceed to arbitration, unanimously affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal. This proceeding, when last subject to our review (46 AD2d 753), was remanded for a hearing to determine whether the parties had entered into a contract. After such hearing was held, Trial Term found that a contract did indeed exist and directed that the parties proceed to arbitration. We agree. Lensol had purchased certain textile materials in China to be shipped to the United States. A broker was contacted to obtain a buyer for these goods at 34 cents per yard. Arcola expressed interest in these goods and the broker prepared a sales note which was sent to both parties. The purchase price was stated as 34 cents per yard and the quantity of goods was stated as 49,000 yards. The sales note contained a tear-off strip which was to be returned to the broker by each party to the transaction. Arcola returned the strip and Lensol did not. The witnesses on behalf of Lensol Fabrics Co. admitted that, upon receipt of the sales note, they did not protest the price as recorded in the note. In fact, it was only after receipt of the shipping instructions, which receipt occurred after that of the sales note, that any protest was registered. The testimony adduced indicated that there was indeed an oral agreement between Lensol and Arcola for the sale of the goods in question at 34 cents per yard, and that the oral agreement was reduced to a writing, which writing contained a broad arbitration clause. The conceded fact that the tear-strip was not returned by Lensol does not under the totality of the circumstances detract from the conclusion that a contract was made by the parties. While we note that the testimony of the witnesses of petitioner and respondent did not mesh in every detail, the evaluation of that testimony by the trial court based upon assessments of credibility should be afforded great weight and should not be readily overturned (*Amend v Hurley,* 293 NY 587, 594; *Kelly v Watson Elevator Co.,* 309 NY 49, 51; *Electrolux Corp. v Val-Worth, Inc.,* 6 NY2d 556, 566). We have reviewed the balance of the contentions raised on appeal and found them to be without merit. Concur—Markewich, J. P., Murphy, Birns, Silverman and Lane, JJ.