William J. Regan, S.
The petitioner, as nominated alternate executor under a will purporting to be the last will and testament of Earl J. Coifed, Jr., dated September 22, 1971, has applied to this court requesting that the said will be admitted to probate and that the petitioner be issued letters testamentary thereon. The natural children of the decedent have objected to the probate of this instrument on the grounds that said instrument is not in fact the last will and testament of the decedent. The proponent in this proceeding is the stepchild of the decedent and contends that the petition should be granted and that the will should be admitted to probate.
The factual circumstances revolving about the execution of this will, together with statutory language contained in the EPTL, provide a novel and intriguing question of law. The decedent and his former spouse, Bessie M. Coifed, entered into an agreement to execute reciprocal wills wherein and whereby the parties declared that it was their desire to execute reciprocal wills and in consideration of this mutual agreement, agreed that the survivor of either party shall not revoke, change or in any way modify the will as reciprocally drawn on the 22d day of September, 1971. The agreement declares specifically that the parties execute a reciprocal will, said will being dated the 22d day of September, 1971. The agreement to execute reciprocal wills was also entered into on September 22, 1971.
In the reciprocal wills of both parties, the exordium thereof states that said wills are being made "pursuant to the terms of an agreement dated September 22, 1971, between myself and my wife, Bessie M. Coifed, in which we agreed as to the disposition of our joint and several property by our respective last wills and testaments”. The reciprocal wills in effect provide that the entire estate of each of the parties would be given, devised and bequeathed to the survivor thereof, absolutely and forever. In the event, however, that one should predecease the other or die simultaneously or as the result of a common accident, said residue and remainder of the estate would be given, devised and bequeathed 50% to the child of Bessie M. Coifed, or the proponent herein, and the remaining 50% to the natural children of the decedent, or the objectants herein. The wills respectively appointed the parties to act as *612 the executor of each other’s wills, and in the event of one party predeceasing the other, nominated and appointed the petitioner herein as alternate executor.
Subsequent to the execution of these documents, Bessie M. Coifed obtained a default judgment of divorce against the decedent which was entered by the Supreme Court in and for the County of Erie on October 18, 1973. The decedent, upon receipt of the judgment of divorce, moved to modify same and the divorce was so modified on January 15, 1974, pursuant to the agreement and stipulation of the parties. The modification provided that the deceased would pay a lump sum settlement of $10,000 upon the wife conveying to the decedent all her share and interest in the real property located at 69 Brewster Street, Bepew, New York, and vacating same. The parties, in connection with the modification of the judgment of divorce, executed mutual general releases, releasing each other from any and all action or actions, etc., whatsoever in law, in admiralty or in equity which they may have against each other, said general releases being executed before a notary public.
Earl J. Coffed, Jr., died in the City of Buffalo on the 28th day of May, 1976, without executing a last will and testament subsequent to January 14, 1974, the date of the divorce.
Counsel for the proponent very simply contends that the instrument purporting to be the last will and testament of Earl J. Coffed, Jr., dated September 22, 1971, should be admitted to probate in that the will was not revoked pursuant to the sole and prescribed methods of revocation as provided under EPTL 3-4.1. Counsel argues that the statute prescribes the sole method of express revocation of a will and that the cases hold the rule of implied revocation is not followed in the State of New York. (Matter of White, 82 Misc 2d 323; Matter of North, 32 AD2d 862.) It is also argued that EPTL 3-4.1 (subd [a]) specifically provides that revocation may be effected only in the manner provided by statute.
The proponent argues therefore that inasmuch as the decedent failed to revoke as provided by the methods prescribed, that the will should be admitted to probate and that EPTL 5-1.4 applies. He contends that there is nothing expressly provided in the contract or the will itself to execute reciprocal wills which indicates the intention of either party in the event of a divorce to circumvent the application of this section.
The objectant poses some interesting and novel questions *613 and in this court’s opinion, questions of first impression. It is apparent that the deceased and his former spouse entered into the agreement to execute reciprocal wills, and in fact executed the reciprocal wills, to insure that their respective children would share their estates equally. The agreement and respective wills were entered into and executed in an atmosphere of family love and concern for each other and their respective children. This being the second marriage for each of the respective parties, each party brought into the marriage financial assets which were to be used and enjoyed by the parties jointly during marriage, and to be passed on to their respective children subsequent to their deaths.
It is a general principle of law that an instrument purporting to be the last will and testament of an individual can be effectively revoked in part by another instrument containing provisions directly in opposition to the provisions of the last will and testament. This revocation may only affect those specific provisions and not revoke the entire instrument. The provisions of a last will and testament must be modified if said provisions are inconsistent with the separation agreement in that the contractual obligations of the agreements must govern. (Matter of Ruark, 64 Misc 2d 1008.)
The parties at the time that the judgment of divorce was obtained certainly did not consider the impact of the reciprocal agreement and wills that were executed some two years prior. It should be noted that neither party retained the attorney who prepared the agreement and/or the reciprocal wills to represent them in the divorce proceedings. The wife, by obtaining a default judgment of divorce, which was subsequently modified, together with the execution of general releases, certainly terminated any family love and relationship which existed at the time that the original instruments were executed. The execution of the general releases released each party from the agreement not to modify, alter or revoke the last wills and testaments, and in releasing each other from that obligation, simultaneously, in this court’s opinion, revoked the underlying reciprocal wills of the respective parties in view of the fact that said wills were executed in consideration thereon. The court must take into consideration the circumstances under which the reciprocal wills were executed and the subsequent conduct of the parties thereto which is in opposition to a determination that the decedent considered the instrument offered herein as his last will and testament.
*614 EPTL 5-1.4 is very familiar to the court in that the amendments made by the Legislature were to resolve an ambiguity as pointed out in Matter of Lampshire (57 Misc 2d 332, 333). The Legislature in enacting EPTL 5-1.4 (subd [a]) made such applicable where a testator is divorced "after executing a will” and did not make this section applicable to wills of testators which were jointly or reciprocally made. In brief, this court is of the opinion that EPTL 5-1.4 does not apply in situations where the will offered for probate was executed pursuant to a reciprocal agreement as in the instant case, or where the testator is a party to a joint and mutual will. This instant proceeding has dramatically pointed out a glaring deficiency in the statutory provisions of the EPTL with respect to the revocation of joint mutual wills or reciprocal wills. It is the court’s opinion that the Legislature undertake to enact legislation which would clarify the effect of a divorce on a joint mutual will or reciprocal will so that parties executing same can be advised as to the possible dangers and/or results of executing these types of instruments.
It is the opinion of this court, therefore, that the application for the probate of the instrument purported to be the last will and testament of Earl J. Coifed, Jr., dated September 22, 1971, be denied probate and that the objectant be permitted to file a petition for letters of administration.