■ COMET HEATING & COOLING CO., INC., Respondent, v MODULAR TECH-NICS CORPORATION et al., Appellants, et al., Defendants.—Judgment of the Supreme Court, Bronx County, entered in the office of the clerk on May 12, 1976, which awarded judgment in plaintiff's favor against defendants in sum of $42,652, with interest, unanimously modified, on the law and on the facts, to reduce plaintiff's recovery to $33,805, with interest, and, as so modified, affirmed, without costs and without disbursements. The trial court found that plaintiff subcontractor had substantially performed the work and supplied the materials required by his contract with defendant Modular, the contractor. It further found that discontinuance of the job by defendant Modular, without fault of plaintiff, kept plaintiff from completing the balance of the work and prevented compliance with the condition precedent which required that defendant Modular receive final payment from the owner before plaintiff would be entitled to payment from defendant Modular (see *O'Neil Supply Co. v Petroleum Heat & Power Co.,* 280 NY 50, 56; *Arc Elec. Constr. Co. v Fuller Co.,* 24 NY2d 99, 103). These findings, resting upon the trial court's evaluation of the evidence and its assessment of the credibility of the witnesses, are supportable on the record and thus may not be disturbed on appeal (see *Matter of Lensol Fabrics Co. v Arcola Fabrics Corp.,* 51 AD2d 954; *Amend v Hurley,* 293 NY 587, 594). However, plaintiff's claims for compensation for the four extra items of labor and material, in total sum of $9,147, did not meet the conditions of the contract. Defendants concede one item, in sum of $300 for repairing and replacing oil lines, but contest the remaining three items, totaling $8,847. The contract provided that plaintiff shall not be entitled to compensation for any extra unless it was ordered in writing by defendant Modular and accepted and paid by the owner to said defendant as an extra. The record does not show that these prerequisites were met. Settle order on notice. Concur—Kupferman, J. P., Birns, Silverman and Capozzoli, JJ.