■ MOUNT VERNON MILLS, INC., Appellant, v MURPHY TEXTILE MILLS, Respondent.—Order, Supreme Court, New York County (Leonard N. Cohen, J.), entered on or about September 7, 1988, which granted plaintiff's motion for reargument but adhered to the court's prior decision of June 29, 1988, which denied plaintiff's motion for summary judgment in the sum of

$66,643.46 plus interest for goods sold and delivered, unanimously modified, on the law, to grant summary judgment to plaintiff and otherwise affirmed, with costs. Appeal from the order of the same court entered on or about June 29, 1988 is dismissed as superseded by the appeal from the subsequent order, without costs.

UCC 2-607 (1) requires a buyer to pay at the contract rate for any goods accepted and subdivision (3) of that section provides that upon buyer's failure to notify the seller of the alleged breach within a reasonable time, he is "barred from any remedy". Likewise, a "[r]evocation of acceptance must occur within a reasonable time after the buyer discovers * * * the ground for it" (UCC 2-608 [2]).

Thus, where the goods in question, as here, were delivered to defendant's designated consignee in October 1987 and it was not until May 1988 that defendant, in response to plaintiff's suit for payment first complained that the goods were delivered late, such defense must be deemed untimely raised and insufficient to raise a triable issue of fact barring the grant of summary judgment to plaintiff. *(See, Import Traders v Frederick Mfg. Corp.,* 117 Misc 2d 305, 306-307.) Concur—Kupferman, J. P., Asch, Kassal, Rosenberger and Smith, JJ.