■ INFILCO DEGREMONT, INC., Respondent, v CARLAND CONSTRUCTION Co., INC., et al., Appellants.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered January 10, 1991, which granted plaintiff's motion for summary judgment as against all defendants in the amount of $77,000 plus interest at 1.5% a month between March 26, 1987 and the date of judgment, dismissed defendants' counterclaim, and severed and set down for assessment that portion of the action seeking recovery of attorneys' fees, and the judgment entered January 30, 1991 pursuant thereto, unanimously affirmed, with costs.

Defendants' assertion that defective performance by plaintiff required defendant Carland Construction Co. to do certain corrective work entitling it to a back charge was not made until more than a year after defendant Carland's treasurer had signed a service report acknowledging completion of

plaintiff's contractual obligations and acceptance of performance, and is thus expressly barred as a defense by paragraph 4 of the parties' contract, which provides for prompt notification, in writing, of any non-conformity *(see, Mount Vernon Mills v Murphy Textile Mills,* 148 AD2d 389), and by paragraph 5, which specifically precludes any monetary recovery for materials, repairs, replacements or alterations made by defendant Carland without plaintiff's prior written authorization *(Comet Heating & Cooling Co. v Modular Technics Corp.,* 57 AD2d 526).

We also agree with the IAS court that the interest and attorneys' fees provisions set forth in plaintiff's Proposal and Contract are enforceable since the terms were subsequently adopted by defendant Carland. *(Braten Apparel Corp. v Rutger Fabrics Corp.,* 35 AD2d 921.) Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.