OPINION OF THE COURT
Larry M. Himelein, J.
Testator, Melvin D. Cullen, also known as Melvin Cullen Root, allegedly functionally illiterate and suffering from post-traumatic stress disorder arising out of his military service during the Vietnam War, executed a will on November 26, 1975, which named his then wife, Linda Cullen (the third of six *237 wives), executrix and her mother, Celia Kroll, substitute executrix. The sixth paragraph of the will reads as follows: "I nominate, constitute and appoint my wife, Linda M. Cullen, executrix of this, my Will. In the event, however, that my wife does not survive me, I nominate, constitute and appoint my wife’s mother, Celia M. Kroll, executrix of this, my Will”. The will goes on to name testator’s sister, Jane Heron, as another substitute executrix, but she has renounced.
On May 10, 1996, decedent was killed in an automobile accident. On or about November 27, 1996, his widow, Mary Jane Root, filed for letters of administration c. t. a. On or about March 3, 1997, Celia M. Kroll, the named substitute executrix, also filed a petition for probate and for letters testamentary. The issue presented is which, if either, party should receive letters.
. The divorce of a testator and the former spouse, subsequent to a will’s execution, revokes any bequest to or appointment of the former spouse (EPTL 5-1.4 [a]). Decedent’s widow contends that the appointment of the former mother-in-law should also be revoked because the use of the term "my wife’s mother” is a condition of the nomination. The named substitute executrix believes the appointment stands notwithstanding the divorce. The dispute arises because, while decedent died with no assets to speak of, there may be a lawsuit arising from his death.
This court has not found any cases precisely on point. However, the authority the court has reviewed appears to favor upholding the provision which names the former mother-in-law the executrix. For example, in Matter of North (32 AD2d 862), the testatrix made a bequest to her brother-in-law. The subsequent divorce between the testatrix’s sister and brother-in-law did not revoke the bequest since EPTL 5-1.4 applied only to former spouses.
Similarly, in Matter of Hewes (27 AD2d 924, affd 26 NY2d 766), the designation of a successor trustee as the "husband of my grandchild” was upheld against a claim that the designation should fail because of the divorce of the granddaughter and her husband (see also, Matter of Tuck, 165 Misc 346, affd 256 App Div 971, affd 281 NY 697).
Accordingly, although this court is not confident that this result is the "best” one under the circumstances, testator’s divorce from Celia M. Kroll’s daughter does not revoke her designation as substitute executrix. However, the court, recognizing that there has been little, if any, contact between decedent and his former mother-in-law in recent years, in addi *238 tion to admitting the will to probate, will issue limited letters of administration to Mary Jean Root, decedent’s widow, in order to prosecute any litigation arising out of decedent’s death, after qualifying as required by law. Further, the court will schedule a hearing to determine if Celia M. Kroll is otherwise qualified to act as executrix of the estate.